## ROSIE BREWIN v. THE STATE.

### No. 3268. Decided March 15, 1905.

**1.—Theft—Copy of Indictment Must Be Served Two Days Before Trial—Practice.**

Where defendant in a felony case is forced to proceed with her trial, before she has been served with a copy of the indictment and has asked for a postponement of two days in which to prepare for trial, which request was overruled, the error is fatal.

**2.—Same—Statutes Construed—Waiver.**

Where the indictment was presented on the 17th day of October, 1904, when defendant was in jail, and on the 12th day of November following she was admitted to bail and was at no time served with a copy of the indictment until the day of trial, December 14, following, when she requested the postponement of two days which was overruled and the trial proceeded. Held that although defendant had forfeited said bail and was rearrested it constituted no waiver of her right under article 540, Code Criminal Procedure, and that article 542, id., did not apply.

Appeal from the Criminal District Court of Dallas. Tried below before Hon. E. B. Muse.

Appeal from a conviction of theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Wm. M. Jones* and *Graham B. Sidney,* for appellant.—In every case of felony, where the accused is in custody at the time the indictment is presented, he is entitled to be served with a copy of the indictment. Constitution of Texas, article 1, section 10; Code of Criminal Procedure, 1895, articles 540 and 541. McDuff v. State, 4 Texas Crim. App., 58; Stokes v. State, 35 Texas Crim. Rep., 279, 33 S. W. Rep., 350; Holden v. State, 71 S. W. Rep., 600; Lightfoot v. State, 77 S. W. Rep., 792; Harris v. State, 32 Texas Crim. Rep. 279, 22 S. W. Rep., 1037; Richardson v. State, 7 Texas Crim. App., 486; Scoville v. State, 77 S. W. Rep., 792.

In cases where the defendant is entitled to be served with a copy of the indictment against him, he is also entitled to two days' time after

such service within which to file written pleadings. Texas Code of Criminal Procedure, 1895, article 568. Woodall v. State, 25 Texas Crim. App., 617, 8 S. W. Rep. 802; Lockwood v. State, 32 Texas Crim. Rep., 137, 22 S. W. Rep., 413; Holden v. State, 71 S. W. Rep., 600; Evans v. State, 36 Texas Crim. Rep., 32, 35 S. W. Rep., 169; Lightfoot v. State, 77 S. W. Rep., 792; Reed v. State, 31 Texas Crim. Rep., 35.

*Howard Martin,* Assistant Attorney-General, and *W. W. Nelms,* for the State.—But we submit that in this case articles 542 and 546 are applicable, and under a reasonable construction of these articles every right of the defendant was given her upon the trial of her case. See Abrigo v. State, 29 Texas Crim. App., 143; Barrett v. State, 9 Texas Crim. App., 33; Scoville v. State, 77 S. W. Rep., 792.

DAVIDSON, Presiding Judge.—This is a theft conviction. When the indictment was presented, October 17, 1904, appellant was in jail. Subsequent to the presentment, she gave bond, which was forfeited for her non-appearance. Upon her subsequent arrest, she was brought into court; and asked whether or not she was ready for trial, and answered that she was not; that she had no witnesses and no attorney. The court called upon defendant for her witnesses, secured a list, ordered process, returnable at 9 o'clock, December 14; and appointed counsel to take charge of and represent her cause. The trial was set down for 9 o'clock, December 14. This occurred about noon of December 13. At 9 o'clock on the 14 of December, the case was again called; appellant asked for a postponement for two days, because she had not been served with a copy of the indictment. This was overruled. It may be further stated that, when the capias was served on her, the day following the indictment, she was in jail; and on November 12, was released on recognizance, and November 22 cause set for trial on November 28. When appellant asked for the postponement of the trial on account of the failure to have a copy of the indictment served upon her, and for the two days in which to prepare for trial, the court ordered the clerk to furnish defendant with a copy of the indictment. This was done, and appellant forced to proceed with the trial. These matters are properly presented by bill of exceptions. We are of opinion that, under this showing, appellant was entitled to the postponement. We understand this to be the requirement of the statute, and the unbroken line of decisions construing this statute so hold. McDuff's case, 4 Texas Crim. App., 58; Holden v. State, 71 S. W. Rep., 600; Stokes v. State, 35 Texas Crim. Rep., 279; Lightfoot v. State, 77 S. W. Rep., 792. There are a great many authorities in line with those cited. The judgment is accordingly reversed and the cause remanded.

*Reversed and remanded.*

ON REHEARING.

DAVIDSON, Presiding Judge.—The motion for rehearing is based upon the theory that, where a party is in jail at the time of the presentment of the indictment, a subsequent release on bail, avoids article 540, Code Criminal Procedure, or is tantamount to a waiver on the part of the accused in regard to having a copy of the indictment served. The indictment was presented on October 17, 1904. Appellant was then in jail. On the 12th of November she was admitted to bail. This was about twenty-five days after the return of the indictment. She was not served with a copy of the indictment. There is no way to avoid the force of the statute under this statement, except to hold that the subsequent release on bail forfeited or was a waiver of her right under article 540 to have a copy of the indictment served upon her. That article is, as follows: "In every case of felony where the accused is in custody, or so soon as he may be arrested, it shall be the duty of the clerk of the court when the indictment has been presented, immediately to make out a certified copy of the same and deliver such copy to the sheriff, together with a writ directed to such sheriff commanding him forthwith to deliver such certified copy to the defendant." By its terms it is imperative that, as soon as the indictment is presented, a copy of that indictment should be served upon the accused; or if not in jail, as soon as the arrest occurs. The provisions of this statute are equally mandatory in one case as the other. Of course, a party may waive it, but under the authorities in this State, see McDuff's case, 4 Texas Crim. App., 58, this must be done by the accused and in person. Even the attorney cannot waive it. Here there is no question of the fact that appellant was in jail at the time the indictment was presented and that she remained in jail for about twenty-five days before executing a bail bond. The execution of that bail bond was not a waiver. Nor did the mere fact that she executed the bond do away with the provisions of that statute. But it seems to be contended that under article 542, Code Criminal Procedure, after she was released from custody by virtue of the bail bond, in order to take advantage of the two days time allowed by the statute in which to prepare for trial and file written pleadings, she should have called for a copy of the indictment. That article is, as follows: "When the defendant in case of felony is on bail at the time the indictment is presented, it is not necessary to serve him with a copy, but the clerk shall deliver a copy of the same to the defendant or his counsel, when requested, at the earliest possible time." Taking the two statutes and the language employed in each the latter is not capable of the construction sought to be placed on it, for it only applies when the party is on bail at the time of the presentment of the indictment. Holden v. State, 71 S. W. Rep., 600, is very analogous to the case in hand. There the party was released on bail after the presentment of the indictment, the two days' privilege to prepare for trial was claimed, and the court overruled it. This court reversed the judgment. If the party is in jail when the indictment is returned

by the grand jury, the provisions of article 540 apply, if defendant seeks to avail himself of it. This does not militate against the proposition that it is too late to seek to take advantage of these articles after trial. If the party goes to trial without claiming the benefit of the service of a copy of the indictment and the two days to prepare for the trial, it is too late subsequently to seek that advantage. The length of time the accused may be on bail is not the criterion, nor does it constitute a waiver. The motion for rehearing is overruled.

*Motion overruled.*

Henderson, Judge, absent.