HENRY REVILL v. THE STATE.

No. 5429. Decided December 10, 1919.

Rehearing granted February 18, 1920.

#### 1.—Indictment—Constitutional Law—Pleading—Rehearing.

Where, upon trial of burglary, the indictment failed to conclude with the words "against the peace and dignity of the State," and contained no equivalent declaration, the same was insufficient under the Constitution, article 5, section 12. Following: Bird v. State, 37 Texas Crim. Rep., 408; however, where it was shown on motion for rehearing that the indictment was incorrectly copied in the transcript, and that the original was not defective the motion for rehearing is granted.

#### 2.—Same—Service of Copy of Indictment.

Where, upon trial of burglary, the trial court refused to direct service of a copy of the indictment upon defendant when requested, the same was reversible error.

#### 3.—Same—Written Pleading—Two Days' Delay.

Where, upon trial of burglary, the defendant claimed two days to file written pleadings after being served with copy of indictment and that he had not been served with such copy, but it appeared from the record on appeal that the defendant was then under bond he was not entitled to said two days under the terms of the statute.

Appeal from the District Court of Upshur. Tried below before the Hon. W. R. Stephens, special judge.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*C. E. Florence,* for appellant.—On question of service of copy of indictment: Abrigo v. State, 15 S. W. Rep., 408; Stokes v. State, 33 id., 350; Sims v. State, 36 id., 256; Brewin v. State, 85 id., 1140; Martin v. State, 80 Texas Crim. Rep., 108, 188 S. W. Rep., 1000.

(1)

1—87—T. C.

*Alvin M. Owsley,* Assistant Attorney General, for the State.—On question of service of copy of indictment; Rice v. State, 49 Texas Crim. Rep., 569; Keener v. State, 51 id., 590, and cases cited in opinion.

MORROW, Judge.—The appellant is charged by indictment with the offense of burglary. The indictment fails to conclude with the words: "against the peace and dignity of the State," and contains no equivalent declaration. The Constitution, Art. 5, Sec. 12, contains the following:

"All prosecutions shall be carried on in the name and by the authority of the State of Texas, and shall conclude 'against the peace and dignity of the State.' "

This is an imperative command, and the failure to observe it renders the indictment void. Bird v. State, 37 Texas Crim. Rep., 408; Harris' Constitution, p. 430.

The insufficiency of the indictment requires that the judgment be reversed, and the cause ordered dismissed.

*Dismissed.*

ON REHEARING.

January 14, 1920.

MORROW, Judge.—The conviction was for burglary. The appellant, before announcing ready for trial, presented to the court a motion in writing stating that he was not under bond when the indictment was returned, had not been served with a certified copy of the indictment, and concluded as follows:

"Wherefore, we respectfully ask the court to postpone this cause for at least two full days, and that the officers be required to serve him a copy of said indictment before he is required to further answer herein."

It appears from the bill as qualified that the appellant had not been served with a copy of the indictment, and that no copy was delivered to him; that at the time of the indictment he was under bond. The bill of indictment was returned in July, 1918, appellant having previously been arrested and given an appearance bond. After his arrest on July 6, 1918, he was again released upon bail. The cause was continued, and this trial took place at a subsequent term of the court February 8, 1919. The appellant being at large on bail at the time the indictment was filed, the law did not require that he be served with a copy of the indictment. Code of Crim. Procedure, Art. 553. He was, however, entitled to a copy of the indictment upon making his request therefor of the clerk. It is manifest from the bill of exceptions that the object sought by the

appellant· was that the trial be delayed two days, and that the motion was directed to that end upon the mistaken theory that the appellant had been in custody at the time the indictment was filed. He or his counsel could, at any time within office hours during the six months intervening between the time he was indicted and released on bail and the time of his trial, have requested the clerk to deliver a copy of the indictment. His failure to do so renders his present complaint unavailable, particularly in view of the fact that the motion made was manifestly not intended nor at the time construed by the court or counsel as a request for a copy of the indictment, but, as stated, was a demand for delay on the theory that the circumstances were such as to require the service of a certified copy of the indictment. It has been frequently declared that when the facts are such as to require the service of a certified copy of an indictment, as required by Articles 551 and 552, Code of Crim. Procedure, that the accused may by his conduct waive the right; Barrett v. State, 9 Texas Crim. App., 33; Rice v. State, 49 Texas Crim. Rep., 574; Keener v. State, 51 Texas Crim. Rep., 590; and this principle has been applied to the provision of the statute requiring the clerk on demand to deliver to the accused a copy of the indictment. Scovill v. State, 77 S. W. Rep., 792; Encyc. of Pleading and Practice, vol. 10, p. 471; Record v. State, 36 Texas, 521.

On a former hearing the prosecution was ordered dismissed because of a defective indictment. It now appears on a motion for rehearing that the original indictment was not defective, but that · it was incorrectly copied in the transcript.· This has been remedied, and the reversal and order of dismissal are set aside, the motion for rehearing granted, and the judgment affirmed.

·                                                                 *Affirmed.*

ON REHEARING.

February 18, 1920.

DAVIDSON, PRESIDING JUDGE.—The appeal herein was dismissed for reasons stated in the opinion dismissing it. Later, upon proper showing, it was re-instated and the judgment affirmed. It is claimed on this motion for rehearing that the affirmance should not have obtained.

The question at issue was the failure of the court to grant appellant's request to have a certified copy of the indictment served upon him before going to trial. The facts show that he was arrested at the term of court at which the indictment was returned, July, 1918; that he was tried at the following January Term, 1919. When the case was called for trial in January he filed his request to have a certified copy of the indictment served upon him, and it may

be stated also it was for the purpose of having the two days allowed by the statute in which to prepare for trial and file such pleadings as he saw proper. There was no question of the fact that appellant made the request for service of copy of the indictment. The case was affirmed upon the theory that at the July term it was continued, and also that appellant was under bond at the time the indictment was returned, fixed by the justice of the peace in an examining trial, and that he was under this bond at the time of the return of the indictment in July, 1918. A certificate of the clerk attached to the motion for rehearing manifests the fact that at the July term the case was not called for trial, and there were no orders of any character entered upon the docket. The former opinion will be modified in accordance with the certificate of the clerk.

The case not being called and no orders entered at the July term did not put appellant upon diligence to call for a copy of the indictment. The facts show he was not in custody at the time of the return of the indictment, but if he was under bond, then the statute, Article 551, C. C. P., did not require the clerk to issue a certified copy of indictment to be served upon appellant by the sheriff under the terms of Article 552, C. C. P. He would, nevertheless, have the right to call for a copy of the indictment under Article 1, Sec. 10, of the Constitution, and Article 553, C. C. P. He did make the demand and was refused. He was certainly entitled to have this copy in any event, but if the facts were properly shown that he was under bond at the time of his arrest, then we would hold that he was entitled to have copy of the indictment at the time he called for it, but not entitled to a postponement of the case. Such we understand to be the weight of authority as shown by the cases. The question here is, whether or not it is shown he was under bond. The court, in qualifying the bill of exceptions refusing appellant's request to have copy of the indictment, states it was not known to himself or to counsel for appellant that the party had been arraigned before the justice of the peace and was under bond at the time of the return of the indictment. He certifies this was not shown by the record. This seems, therefore, to be stated by the judge without the introduction of any evidence. There was no evidence introduced upon the question, and the judge making the certificate did not testify. How or where he got his information is not stated. It is also shown by the bill that appellant excepted to the qualification and statement of the trial judge. We are of opinion under the authorities that appellant was entitled to service of the copy as provided in Article 551, C. C. P. If the judge desired to testify or state facts *dehors* the record, then he should have taken the witness stand as any other witness, or if he was stating facts that came to his knowledge by hearsay in regard to a trial in the examining court, he should have proper evidence

before the court that such were the facts. The qualification of the judge must state facts that occur in court and under his cognizance as a judge, or if it be extraneous and *dehors* the record, then proper evidence must be shown, and if he desires to make statement of facts himself he must take the stand as any other witness in order to verify those facts. He cannot go out and inform himself of facts bearing upon a case and then come into court or use in court the facts thus obtained. They must be in the record. Appellant is entitled to be confronted by the witness against him and the testimony that he is to meet. The judge's information or statement may or may not be correct. Doubtless it may have occurred as he stated, but this is not sufficient. This question came in Leonard v. State, 53 Texas Crim. Rep., 187. The opinion was written by Judge Ramsey. This proposition was again re-asserted in Graham v. State, 72 Texas Crim. Rep., 9. The doctrine was again re-asserted in Bullington v. State, 78 Texas Crim. Rep., 187, and again re-affirmed in Lagow v. State, 81 Texas Crim. Rep., 460, at page 462. So that doctrine seems to be well settled. If it was a properly verified fact that appellant was under bond at the time that he was arrested, then the court did not err. If he was not under bond, then his request should have been granted. The statement of the judge cannot be regarded as proof of the fact that appellant was under bond. As before stated, there should have been evidence introduced to meet this request showing that appellant was under bond at the time of his arrest in order to avoid his guaranteed rights under the Constitution and under Arts. 551 and 552, C. C. P. We are of opinion as presented on motion for rehearing that we were in error in affirming the judgment.

The motion for rehearing is granted, the affirmance set aside, and the motion is reversed and the cause remanded.

*Reversed and remanded.*

LATTIMORE, JUDGE (concurring).—I agree to the reversal of this case, because of the refusal of the trial court to direct service of a copy of the indictment upon the appellant, when requested. I believe this to be imperative, under the terms of Article 553, Vernon's C. C. P.

I do not believe the court should have delayed the trial for the two days prayed for, because of the fact that appellant was then under bond, and in such case was not entitled to said two days, under the terms of Article 557, Vernon's C. C. P.

*Reversed and remanded.*

MORROW, JUDGE.—I concur in the view above expressed.