## WILL VENN V. THE STATE.

No. 5641. Decided February 18, 1920.

**1.—Violation of Prohibition Law—Service of Copy of Indictment—Practice in District Court.**

Where the defendant requested a copy of the indictment the same should have been granted as is expressly provided by article 553, Vernon's Code of Criminal Procedure, and the court should have directed that he be served with a copy of the indictment as request was made in his motion, and the overruling of said motion was reversible error.

**2.—Same—Practice in District Court—Written Pleading—Two Day's Delay.**

Where defendant was on bail on the day his case was called to trial, his motion for two days' delay to file written pleading was correctly over_ ruled, under article 557, Vernon's Code Criminal Procedure.

Appeal from the District Court of Upshur. Tried below before the Hon. J. R. Warren, judge.

Appeal from a conviction of a violation of the prohibition law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Carroll Florence,* for appellant.—On question of copy of indictment: Abrigo v. State, 15 S. W. Rep., 408; Keener v. State, 103 S. W. Rep., 904; Martin v. State, 80 Texas Crim. Rep., 108, 188 S. W. Rep., 1000.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of felony violation of the prohibition law and awarded two years in the penitentiary.

He was not served with or furnished a copy of the indictment presented against him. He made a request to that effect and asked that he be furnished with such copy, but the court refused his request. The indictment was returned August 9, 1918. He was not under bond, nor under arrest. On the 18th of January, 1919, while the court was in session, he was arrested and gave bond. There was nothing done with the case at that term of the court. The reason assigned is that the special judge who presided over the court during that term was disqualified to try the case. It, therefore, went over to the succeeding term without being called for trial. During the succeeding July term of the court, 1919, and on the 14th day of that month the case was called and by the State continued until August 11th without calling upon defendant for announcement because the State was not ready for trial, some witnesses being absent. Upon the 11th of August the case was called for trial, and when the State made its announcement appellant made a request or demand to be served with a copy of the indictment. This was refused and the defendant forced to trial. On August the 11th, the above mentioned date, is, therefore, the first time he was called upon to respond for a trial.

Code Criminal Procedure, Article 551, provides that: In every case of felony, when the accused is in custody, or as soon as he may be arrested, it shall be the duty of the clerk of the court where an indictment has been presented immediately to make out a certified copy of the same and deliver such copy to the sheriff, together with a writ directed to such sheriff, commanding him forthwith to deliver such certified copy to the defendant." Code Crim. Proc., Article 552 provides that upon receipt of such writ and copy the sheriff shall immediately deliver such certified copy of the indictment to the defendant, and return the writ to the clerk issuing the same, with his endorsement thereon, showing when and how the same was executed. It will, therefore, be seen that if he was in custody he was entitled to the copy. See Woodall v. State, 25 Texas Crim. App., 617; Johnson v. State, 36 Texas, 202; Holden v. State, 44 Texas Crim. Rep., 382; Luster v. State, 63 Texas Crim. Rep., 541.

It will also be observed by the terms of this statute if the accused is not in custody the same rule applies as soon as his arrest occurs. In either instance it is the duty of the clerk to make out such certified copy and deliver to the sheriff for service on the accused. So he was entitled under the statute to a certified copy of the indictment and the service provided by the Legislature. Of this he was deprived, although he made the necessary demand. Independent of either of these provisions of the statute, the accused is entitled to a copy of the indictment. This is provided by Article 1, Section 10 of the Constitution in the following language: "He shall have the right to demand the nature and the cause of the

accusation against him and to have a copy thereof." He made the demand, but was refused. This can in no way be dispensed with if the accused makes the demand. It is a constitutional, guaranteed right upon which he can insist. That he may waive his right in this matter does not occur when he makes the demand, but if he makes a waiver it must be by himself. His attorney cannot waive it. for him. Lightfoot v. State, 77 S. W. Rep., 793. See, also, above cited cases. The Legislature is powerless, had they undertaken to do so, to pass an act in contravention of the above provisions of the Constitution, but they not only have not sought to do so, but on the contrary expressly provided, under the circumstances stated, that he shall be served with a certified copy of the indictment. These statutory provisions are in nowise restrictive of his right under the Constitution. They are rather an enlargement of such guarantee and specify a procedure in such cases. The Legislature may not restrict guaranteed rights set out in constitutional provisions. They may enlarge those rights to some extent as a means of carrying out the wish of the people as expressed in their ordained Constitution, but cannot abridge those rights. But in any event the accused is entitled upon demand to have a copy of the indictment independent of the statute. See Art. 1, Sec. 10 of the Constitution. This is expressly recognized in C. C. P., Art. 553. The latter article applies when the accused is on bail at the time of the presentment of the indictment. Brewin v. State, 48 Texas Crim. Rep., 51; Lightfoot v. State, 77 S. W. Rep., 793.

The execution of bail bond by defendant in January, 1919, was not a waiver of service of a copy of the indictment as provided in Article 551, *supra*, and service as provided by Article 552, *supra*. Brewin v. State, 48 Texas Crim. Rep., 51. Counsel cannot waive such right. It must be done by the accused himself, and usually this is required to be in writing. McDuff v. State, 4 Texas App., 58; Richardson v. State, 7 Texas Crim. App., 486; Lightfoot v. State, 77 S. W. Rep., 793. This cannot be treated as a technical matter. It is a guaranteed right vouch-safed to the citizen by the Constitution itself. Constitutional guarantees cannot be treated as technicalities, or as technical rules. These provisions of the Constitution are mandatory, and if insisted on must be followed. The will of our citizenship as expressed in the Constitution is a voice of sovereignty, and the will of sovereignty as thus expressed cannot be treated from a technical standpoint, or as technicalities. The right is given that he may know of what he is accused in order that he may prepare to meet the accusation, and upon what grounds the State demands his punishment, and for the purpose of preparation of the case for trial. C. C. P., Art. 578.

We are, therefore, of opinion under the facts stated and the law mentioned as applied to this record, the request of defendant should have been granted, and the court erred in not so doing.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*

LATTIMORE, JUDGE—(concurring).  I agree to the reversal of this case, upon the one proposition involved, that the trial court erred in not directing that the appellant be served with a copy of the indictment, upon his request, as made in his motion, which was overruled by the Court.  It is expressly provided by the terms of Article 553, Vernon's Code of Criminal Procedure, that the clerk shall deliver a copy of the indictment to the defendant or his counsel, when requested.  We take it that this imposes the duty of furnishing to the defendant a copy of the nature and character of the charge against him, which is provided for in Section 10, Article 1, of our Constitution.

It appears from this record, that on the day the case was called for trial, appellant asked for a copy of the indictment, coupling with that the further request in his motion, that he be granted two days in which to get ready for trial, or to file written pleadings.  Under the terms of Article 557, Vernon's Code of Criminal Procedure, the writer does not think appellant entitled to the two days for, because of the fact that at the time of the filing of such motion and making such request, he was on bail.

Believing it the duty of the trial court to have directed service upon appellant of a copy of the indictment, when requested, and that the same was requested for the first time when said motion was filed, and that the refusal of the trial court to have said copy served on him was error, the judgment should be reversed.

*Reversed and remanded.*