Roy Bennett v. The State.

No. 7195.   Decided June 27, 1923.

1.—Swindling—Indictment—Precedent.

Where, upon trial of swindling, the indictment followed approved precedent, there is no error in overruling the motion to quash. Following Fairy v. State, 50 Texas Crim. Rep., 397.

2.—Same—Copy of Indictment—Constitutional Law.

It has often been held that by virtue of Article 1, Section 10, of the Constitution, one is entitled to a copy of the charge against him, and where defendant was on bail he was nevertheless entitled to such copy, and it did not relieve the court of the duty to furnish him with such when demanded before trial, and the judgment must be reversed and the cause remanded.

Appeal from the District Court of Gregg. Tried below before the Honorable P. O. Beard.

Appeal from a conviction of swindling; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*W. A. Keeling*, Attorney General, and *C. L. Stone*, Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The offense is swindling; punishment fixed at confinement in the penitentiary for a period of seven years.

The insufficiency of the indictment is urged because of its alleged failure to contain an averment showing that the injured party relied upon the alleged false representations. The indictment contains this averment:

". . . did then and there unlawfully and by means of false pretenses and device, fraudulent representations then and there knowingly and fraudulently made by him to D. Bruner, *did induce the said D. Bruner, to deliver to him the said Bennett, and the said Roy Bennett did then and there and by the means aforesaid, acquire from the said D. Bruner* a certain bank check of the value of Five Hundred Dollars, the same being the personal and movable property of the said D. Bruner, with the intent to appropriate the same to the use of him, the said Roy Bennett, etc."

This part of the indictment is in accord with the form suggested by Judge Willson in his Criminal Forms and has often been approved by this court. The words italicized are deemed equivalent to an averment that the representation was relied on. This has been expressly held. See Branch's Ann. Tex. P. C., Sec. 2637; Baker v. State, 14 Texas Crim. App. 338; Fairy v. State, 50 Texas Crim. Rep. 397. The complaint of the indictment that it does not show reliance upon the fraudulent pretenses cannot be sustained.

It is made to appear by Bill of Exceptions No. 2 that before announcement of ready for trial, appellant informed the court that he had not been served with a copy of the indictment and requested that a copy of the indictment be furnished him. The motion made

and sworn to contained the statement that he had never been furnished with a copy of the indictment. The bill is qualified with the statement that the appellant had been on bail. In refusing to furnish the copy of the indictment, the learned trial judge committed error. It has often been decided that by virtue of Art. 1, Sec. 10 of the Constitution one is entitled to a copy of the charge against him. If he is on bail at the time of his indictment, it is not necessary that he be formally served with a certified copy of the indictment, but this does not relieve the court of the duty to furnish the accused a copy of the indictment when demanded before trial, when he has not by previous words or conduct waived his right to demand it. See Code of Crim. Proc., Arts. 551, 552 and 553; also Martin v. State, 80 Texas Crim. Rep., 108, 188 S. W. Rep. 1000; Revill v. State, 87 Texas Crim. Rep., 1, 218 S. W. Rep., 1044; Venn v. State, 86 Texas Crim. Rep., 633, 218 S. W. Rep., 1060; Mays v. State, 87 Texas Crim. Rep., 512, 222 S. W. Rep., 571; McDuff v. State, 4 Texas Crim. App., 58.

The other questions raised are not likely to occur on another trial. The judgment is reversed and the cause remanded.

*Reversed and remanded.*