MR. AND MRS. C. PABST V. THE STATE.

No. 8122. Decided March 5, 1924.

**1.—Unlawfully Manufacturing Intoxicating Liquor—Copy of Indictment.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, defendants presented a motion advising the court that they had never been served with a copy of the indictment and had never waived the right to have a copy thereof, and requested that they should be furnished with a copy, and that the cause be postponed two days, which motion was overruled, held that the court should have furnished them with a copy of the indictment, although the court was not required under the showing made to delay the trial for two days. Following Matheson v. State, 92 Texas Crim. Rep., 208, 241 S. W. Rep., 1014, and other cases

**2.—Same—Continuance—Practice on Appeal.**

The assignment of error based on the refusal of the application for continuance need not be further discussed than to say that the diligence seemed to be sufficient and the testimony material.

**3.—Same—Charge of Court—Circumstantial Evidence.**

Where, upon trial of unlawfully manufacturing intoxicating liquor, the testimony was wholly circumstantial, the court's charge carrying the inference that the case rested partly on circumstantial evidence, was reversible error. It further omits to instruct the jury that each fact necessary to establish the guilt of accused must be proved by the evidence beyond a reasonable doubt.

Appeal from the District Court of Lynn. Tried below before the Honorable Clark M. Mullican.

Appeal from a conviction of unlawfully manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary, each.

The opinion states the case.

*G. E. Lockhart*, for appellants.—On question of circumstantial evidence: Hunt v. State, 7 Texas Crim. App., 235; Struckman v. State, 7 id., 581; Ross v. State, 9 id., 275.

On question of copy of indictment: Venn v. State, 86 Texas Crim. Rep., 633, and cases cited in opinion.

*Tom Garrard* and *Grover C. Morris*, Assistants Attorney General, for the State. Cited cases in opinion.

HAWKINS, Judge.—The indictment was returned on March 8th, 1923. Appellants were arrested and released on bond the next day. When the case was called for trial on the 14th day of March appellants presented a motion advising the court that they had never been served with a copy of the indictment, and had never waived the right to have a copy thereof, requested that they then be furnished with a copy of the indictment, and that the cause be postponed two days. The motion was overruled and appellants forced to trial without a copy of the indictment being furnished. No facts were in evidence showing a waiver of the copy. The court was not required under the showing made to delay the trial for two days, but was in error in forcing appellants to trial without a copy of the charges against them. See Article 1, Section 10, Constitution of Texas; Arts. 551, 552, 553, C. C. P.; Venn v. State, 86 Texas Crim. Rep., 633, 218 S. W. Rep., 1060; Revill v. State, 87 Texas Crim. Rep., 1, 218 S. W. Rep., 1044; Mayes v. State, 87 Texas Crim. Rep., 512, 222 S. W. Rep., 571; Wray v. State, 89 Texas Crim. Rep., 632; 232 S. W. Rep., 808. In Matheson v. State, 92 Texas Crim. Rep., 208, 241 S. W. Rep., 1014, we said:

"The mere fact that he might have demanded it earlier, or that his attorney might have done so, or that he might have examined the original indictments, does not constitute a waiver. The command of the statute is imperative and is in accord with the Constitution. It requires that a copy of the indictment be delivered to the accused. This is not an onerous duty imposed upon the court or its officers. It need result in no delay, and we really can discern no reason why it should be denied. At all events, the Constitution and the statute confer upon one accused of a felony the right to a copy of the indictment and impose upon the officers of the court the duty to furnish it."

The assignment of error based on the refusal of continuance will not be discussed as it will likely not arise again. The diligence used to secure the witnesses seems to have been sufficient and the expected testimony material.

Incorporated in the general charge is the following instruction upon circumstantial evidence:

"So far as this case rests upon circumstantial evidence, you are instructed, that to warrant a conviction on circumstantial evidence, the circumstances must not only be consistent with the guilt of the accused, but inconsistent with any other reasonable hypothesis or conclusion. The circumstances relied upon must be consistent with each other and with the facts intended to be established, and, when taken all together, must lead to a satisfactory conclusion, and leave the mind without a reasonable doubt as to the guilt of the accused. But when the evidence is in part circumstantial, and in part direct, and taken all together, leave no reasonable doubt of the guilt of the accused, he should be convicted; otherwise acquitted."

A number of exceptions were presented to the foregoing paragraph of the charge, one being that it carries the inference that the case rests partly upon circumstantial evidence and partly upon direct evidence, while in truth and in fact it rests wholly upon circumstantial evidence. Unless we have overlooked something in the statement of facts we think the charge given is subject to this criticism. It occurs to us that the case does rest wholly upon circumstantial evidence. If there be any direct evidence then, as we understand the law, no charge upon circumstantial evidence is called for. We would further observe that the charge given does not appear to conform to the recognized and approved charges upon this subject. It omits to instruct the jury that each fact necessary to establish the guilt of accused must be proven by the evidence beyond a reasonable doubt. While no exception was taken because of this omission we call attention to it in view of another trial. For an approved charge on circumstantial evidence applicable in most cases see Section 204, page 108, Branch's Criminal Laws of Texas. The authorities supporting the charge will be found collated under the same section.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*