## K. H. HAHN v. THE STATE.

### No. 9214. Delivered June 10, 1925.

### Rehearing Denied October 28, 1925.

**1.—Manufacturing Intoxicating Liquor—Copy of Indictment—Complied With.**

Where on a trial for the manufacture of intoxicating liquor, a copy of the indictment requested by him, was furnished the accused on the day of trial, no error is shown in refusing to grant him two days after service to prepare for trial. This embraces the rule where the appellant is under bond when the indictment is returned. Not so if he is under arrest. Then the copy of the indictment must be served on him two days before the date of trial. See Art. 553 Vernon's C. C. P. Following Johnson v. State, 4. Tex. Crim. App. 268, Abrigo v. State, 29 Tex. Crim. App. 143.

**2.—Same—Jury—Quashing Panel—Properly Denied.**

Where appellant moved to quash the panel, because the Court had instructed the jury commission not to select certain persons, and because of a custom of jurors in Denton County to refuse to obey jury summons. The Court qualified the bill by stating the first statement is not true, and no effort was presented in support of the second allegation by evidence, and we observe no error shown.

**3.—Same—Indictment—Sufficiency of Allegations—Sustained.**

Where an indictment charges the manufacture of intoxicating liquor, it is not necessary for same to negative the exceptions in the statute, nor to allege the kind of liquor manufactured, nor yet, to allege how the same was manufactured, or whether by fermentation or distillation. Following Travinio v. State, 92 Tex. Crim. Rep. 140.

**4.—Same—Evidence—Properly Admitted.**

Where the state was permitted to prove by several officers that they found a barrel of mash on appellant's premises, objected to by appellant because such officers were not qualified to give their opinion as to the contents of the barrel. Having testified that they were familiar with, and had seen mash prior to that time, the testimony was properly admitted, the objection to same being more to the weight than to its admissibility.

**5.—Same—Evidence—Cross-Examination—Bill of Exception.**

Where appellant complains that the objection of the state to a question propounded to the sheriff by him, on cross-examination, and his bill does not set out what the answer of the sheriff would have been, we are unable to say that it was error to exclude the answer, or that its exclusion was harmful to the appellant.

**6.—Same—Requested Charges—Properly Refused.**

Where requested charges are presented it is proper to refuse them, if the issues presented by them have been fully and correctly presented in the main charge of the Court, and for that reason we discover no error in the refusal of requested charges presented by appellant.

7.—Same—Evidence—Hearsay—Inquiry Properly Excluded.

Where the sheriff on his direct examination by the defendant had testified that some one told him that a jug of whisky was buried at a place where the deputy sheriffs had testified that they found a jug of whisky on appellant's premises, it was not error to refuse appellant's efforts to discover who it was that had told the sheriff about the whisky, there being nothing before us disclosing in what way the answer would have been of any benefit to appellant.

Appeal from the District Court of Denton County. Tried below before the Hon. C. R. Pearman, Judge.

Appeal from a conviction for manufacturing intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

*John R. Francis,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BERRY, Judge.—The appellant was convicted in the district court of Denton County for the offense of manufacturing liquor and his punishment assessed at confinement in the penitentiary for a term of two years.

The appellant made a motion on the day of the trial to be served with a copy of the indictment in the case, and complained that he was not thereafter given two full days before being forced to trial. The bill shows that appellant was out on bond from the time the indictment was returned, and that his request to be served with a certified copy was immediately complied with by the clerk. Where the appellant is under bond he is entitled to a copy of the indictment if he makes request for the same, but he is not entitled to have granted him two full days after receiving same before he can be forced to trial. Art. 533, Vernon's C. C. P; Johnson v. State, 4 Tex. Crim. App. 268; Abrigo v. State, 29 Tex. Crim. App. 143.

Appellant sought to quash the jury panel under an allegation that the court had instructed the jury commissioners not to summon as jurors certain persons, and second because the panel was not full and that it had been the custom in that county for the last several terms of the court to allow jurors drawn by the jury commissioners to fail to attend court. The court qualifies this bill by stating that the first paragraph is not true and by saying that there was no evidence introduced before the court to show that any of the facts alleged in paragraph two of this motion are true. Under these circumstances no error is shown.

Appellant moved to quash the indictment because it did not contain any of the exceptions named in the statute, and did not allege the kind of intoxicating liquor manufactured and also because it did not allege how same was manufactured, or whether by fermentation or distillation. It is not necessary to negative the exceptions contained in the statute and has been so held many times by this court. Neither is it necessary to name the kind of intoxicating liquor, nor to allege how the same was manufactured. We have been cited to no authority, and know of none, placing any such burden on the State. Travinio v. State, 92 Tex. Crim. Rep. 140.

By various bills of exception, appellant complains that the court permitted certain peace officers who appeared as witnesses for the State, to testify as to a barrel found on the premises of the defendant containing mash. His objection being to the effect that they were not qualified to give an opinion as to the contents of this barrel. The court qualifies this bill by saying that the witnesses testified that they had seen mash prior to that time and that in their judgment it was mash. Appellant's objections go more to the weight that to the admissibility of the testimony.

Appellant complains that after the sheriff of Denton County testified that he was told that a jug of whiskey was buried on the premises of defendant, that thereupon defendant asked the witness to State the name of the party who gave him the information and that this question was objected to upon the ground that the sheriff did no have to disclose information which led to the arrest of bootleggers, and the court sustained the objection. The bill of exception fails to disclose what the sheriff's answer would have been if he had been permitted to testify, and in the absence of this information this court is without power to determine whether the exclusion of the testimony was harmful to the appellant.

What we have said with reference to appellant's motion to quash the indictment disposes of his contention as raised by bill of exception No. 6.

The court gave a correct charge on circumstantial evidence and appellant's complaint with reference thereto is without merit.

By bill of exception No. 8, appellant complains at the court's failure to charge the jury that if they believed beyond a reasonable doubt that whiskey was found on the premises of the defendant, but had a reasonable doubt as to who placed the same on the premises to acquit the appellant. This matter was presented in paragraph three of the court's main charge to the jury.

The court's qualification to bill number nine is entirely sufficient to show that no error was committed in the argument complained of.

Having carefully examined the entire record, it is our opinion that

the appellant has had a fair trial in the case, and that the judgment of the lower court should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant was indicted on the 13th of June, and from the record we infer that he was arrested and gave bond the same day. His case was called for trial on July 1st, following. He had been out on bond for more than two weeks. In this condition of the record we do not think the learned trial judge erred, after having directed that a copy of the indictment be delivered to appellant or his attorney, in refusing to postpone the case two days in which to give appellant time to prepare for trial.

The record so completely refutes appellant's contention in regard to his motion to quash the jury panel, that we think the matter sufficiently treated in our original opinion.

Whiskey was found on appellant's premises and also paraphernalia useful in its manufacture; also a quantity of mash. Various witnesses who examined the mash said it was made of prunes, apricots, meal, corn chops and water. An analysis of same by a chemist showed the presence in it of a considerable percentage of alcohol. We do not deem it a reversible error to permit witnesses who had seen other mash to testify that this was mash.

Appellant complains of our disposition of his bill of exceptions No. 5. It is revealed thereby that he placed the sheriff of the county on the witness stand and asked him if it was not a fact that some one told him that a jug of whiskey was buried at the place or near same where the deputy sheriffs had testified that they found on appellant's premises a jug of whiskey, to which the sheriff answered "Yes", that he was told that a jug of whiskey was buried on appellant's premises where this jug of whiskey was found. The bill further discloses that appellant also asked the witness to state the name of the party who gave him this information, which question on objection of the State, was not answered. In the absence of some showing of a reason why an answer to the question would have been of benefit to the appellant, we felt justified in upholding the learned trial judge's disposition of this matter upon the ground that the bill failed to disclose what the answer of the witness would have been. We are not led to conclude our former opinion in error in this matter.

Believing the case correctly decided, the motion for rehearing will be overruled.

*Overruled.*