EDDIE FRANKLIN v. THE STATE.

No. 14490.   Delivered November 13, 1931.
Rehearing Denied January 13, 1932.

The opinion states the case.

*Y. D. Harrison,* of Marshall, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for eighteen months.

Appellant entered a plea of guilty and presented his application for a suspended sentence. There appears to have been an issue as to appellant's age, the state seeking to show that he was over twenty-five years of age at the time of the trial. It is appellant's position that, in as much as chapter 138, Acts of the Regular Session of the Forty-Second Legislature (1931), without limitation as to age (Vernon's Ann. P. C., art. 689), accords to those charged with violating the liquor laws the right to seek a suspended sentence, the judgment should be reversed in order that he may invoke the provisions of article 13, Penal Code. We quote the provisions of said article as follows: "When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for an offense committed before the second law shall have taken effect. In every case the accused shall be tried under the law in force when the offense was committed, and if convicted punished under that law; except that when by the provisions of the second law the punishment is ameliorated he shall be punished under the second unless he elect to receive the penalty prescribed by the law in force when the offense was committed."

Chapter 138, supra, became effective several months after appellant's trial and conviction. Hence we would not be warranted in reversing the judgment merely because appellant might on another trial be in a position to invoke the provisions of article 13, supra. Hubbard v. State, 109 Texas Crim. Rep., 320, 4 S. W. (2d) 971.

The single bill of exception found in the record relates to the refusal of the court to postpone the trial. It appears that appellant was arrested on the charge set forth in the indictment on the 27th day of December, 1930, and that upon an examining trial being held, he entered into an appearance bond on the same day and was released from custody. There-

after, on the 3rd day of January, 1931, the indictment herein was returned. Appellant was on bail at the time the indictment was presented. On January 12, 1931, when the criminal docket was called, appellant was present in court. He had not been arrested by the sheriff under a capias issued on the indictment, but was still at liberty under the appearance bond, taken in the examining court. On January 13, 1931, when the case was called for trial, appellant's bondsmen surrendered him and he was placed in jail. On January 14, 1931, a certified copy of the indictment was delivered to appellant by the sheriff. Appellant's case was again called for trial on January 16, 1931, at which time his counsel sought to invoke the provisions of article 493, C. C. P., to the effect that no arraignment of the accused shall take place until the expiration of at least two entire days after the day on which a copy of the indictment was served upon him, unless the right to such copy or such delay be waived, or unless the accused is on bail.

The opinion is expressed that appellant's application to postpone was properly denied. He had been at large on his appearance bond prior to the return of the indictment, and was at liberty under such bond on the day the indictment was presented. He was not taken into custody under a capias issued under the indictment until the day his case was called for trial. He was served with a certified copy of the indictment after being taken into custody, and before he was put to trial. Article 489, C. C. P., reads as follows: "When the accused, in case of felony, is on bail at the time the indictment is presented, it is not necessary to serve him with a copy, but the clerk shall on request deliver a copy of the same to the accused or his counsel, at the earliest possible time."

Under the terms of the statute, if the accused is on bail at the time the indictment is presented, it is not necessary that he be formally served with a certified copy of the indictment, but this does not relieve the court of the duty to furnish the accused a copy of the indictment when demanded before trial, when he has not by previous words or conduct waived his right to demand it. Bennett v. State, 95 Texas Crim. Rep., 198, 253 S. W., 289, and authorities cited. Where the accused is on bail at the time the indictment is presented, and has, upon his request, been furnished a copy of the indictment, he is not entitled to have granted to him two full days after receiving the copy of the indictment before he can be forced to trial. Mayes v. State, 87 Texas Crim. Rep., 512, 222 S. W., 571; Hahn v. State, 101 Texas Crim. Rep., 491, 276 S. W., 287; O'Mary v. State, 116 Texas Crim. Rep., 628, 32 S. W. (2d) 473.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists in his motion that the trial court erred in declining to postpone the case until he should have been served with a copy of the indictment two full days. In identical cases the proposition has been decided against appellant. Revill v. State, 87 Texas Crim. Rep., 1, 218 S. W., 1044; Wells v. State, 94 Texas Crim. Rep., 379, 248 S. W., 378; Kimbrough v. State, 99 Texas Crim. Rep., 537, 270 S. W., 862. In the Kimbrough case cited, this point was discussed at length by the writer of this opinion.

Appellant also contends that we erred in holding that the judgment should not be reversed merely in order that upon a trial appellant might have submitted to the jury again the question of giving him a suspended sentence. The motion of appellant is strongly persuasive but he submits no authorities, and we are not led to believe our former holding erroneous. No change was made by the terms of chapter 138, Acts Regular Session of 42nd Legislature, 1931, (Vernon's Ann. P. C., art. 689) which would require of the jury any greater or less penalty, or give them any greater latitude in inflicting a greater or less penalty than was fixed by law at the time of trial. We have no means of knowing, nor has appellant any ground for assuming, that under the amended statute the jury would give him a suspended sentence. The evidence on the question of appellant's age, at the time of this trial, was conflicting and in such condition as that if the jury had been inclined to accept his testimony, they might have properly decided this issue in his favor and have given him a suspended sentence, but they did not see fit to do so. We have no right to reverse cases upon such purely speculative grounds.

The motion for rehearing will be overruled.

*Overruled.*