ALF MAYS v. THE STATE.

*No. 1458.   Decided November 11th, 1896.*

**Motion for New Trial—Juror—Householder.**

The fact that a juror, who was not a householder, had qualified himself, upon his voir dire examination, in that regard, will not be sufficient ground for a new trial unless it is shown that the service of such disqualified juror was calculated to injure, and did probably injure the defendant's rights.

APPEAL from the District Court of Falls. Tried below before Hon. S. R. SCOTT.

Appeal from a conviction for robbery; penalty, ten years' imprisonment in the penitentiary.

There is no statement of facts in the record.

[No brief for either party has come to the hands of the Reporter.]

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of robbery, and given ten years in the penitentiary, and prosecutes this appeal. There is no statement of facts in the record, and but one bill of exceptions, reserved to the action of the court in overruling appellant's motion for a new

trial. This motion for a new trial was predicated upon the allegation that one of the jurors who tried the case, to-wit: C. R. Blackmon, was not a householder; that he answered on his voir dire that he was; and that appellant did not know the contrary, and by the use of reasonable diligence could not have ascertained that he was not a householder. This motion is supported by the affidavits of two persons, to-wit: George H. Carter and D. F. Lewis, who swore that they had reason to believe that C. R. Blackmon, who sat as a juror in the case of State of Texas v. Alf Mays, was not then, and is not now, a freeholder in the State, or a householder in the county, etc. The affidavit is based on the alleged belief of the affiants. In response to said affidavits, the State filed the affidavits of C. R. Blackmon (the juror whose qualification was questioned), and of his father, R. M. Blackmon. It appears from said affidavits that said juror and his father rented a house together; that C. R. Blackmon paid part of the rent of said house; and that he controlled and occupied one room of said house. The number of rooms is not stated, whether two or more; nor the constituent members of the family, nor whether there was any other persons occupants of the house. It occurs to us that, to avail himself of this objection to a juror, on motion for a new trial, the onus was on the appellant to show that the juror was, in fact, not a householder. The proof in this connection as to who rented the house, and from whom it was rented—who in fact was the head of the establishment—is left uncertain. It is certain, however, from the affidavits for the State, that the juror, Blackmon, rented said house jointly with his father. Such rental of a house would ordinarily constitute both of the joint tenants householders. However, in this case, it is not necessary to decide that said C. R. Blackmon was a competent juror on the ground that he was a householder. The decisions of this State require that appellant should go further, and show that the service of such disqualified juror (if it be conceded that Blackmon was disqualified) was calculated to injure his rights, and did probably produce such injury. See, Leeper v. State, 29 Tex. Crim. App., 63; Lane v. State, 29 Tex. Crim. App., 310. This was not done. There being no error on the part of the court in overruling the motion for a new trial or motion for continuance, the judgment is affirmed.

*Affirmed.*