### WILSON HUTTO v. THE STATE.

No. 8393. Delivered October 8, 1924.

Rehearing denied December 17, 1924.

**1.—Receiving Stolen Property—Charge of the Court—Exceptions to.**

In order to be considered on appeal, exceptions to the charge of the court, must show that they were authenticated by the trial judge, and must also show the time when same were presented to him.

**2.—Same—Special Charges—Depending upon the Evidence.**

Where special charges are requested, refused, and exceptions noted upon the charge, they cannot be reviewed by this court where they relate to matters depending upon the evidence, and no statement of facts appear in the record.

ON MOTION FOR REHEARING.

3.—Same—Indictment—Copy of—Waiver of Right.

When his case was called for trial after having been continued three times, appellant demanded a copy of the information, and it was refused. The right of an accused to a copy of the indictment or information against him is constitutional. Art. 1, sec. 10, S. C. This right can however be waived. See opinion for collation of authorities. Under the showing in this case we cannot hold the action of the trial court to have been erroneous.

Appeal from the County Court of Haskell County. Tried below before the Hon. R. E. Lee, Judge.

Appeal from a conviction for receiving stolen property less than $50 in value; penalty, five days in jail, and a fine of twenty dollars.

*W. H. Murchison,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for receiving stolen property less than fifty dollars in value, with punishment of five days in jail and a fine of twenty dollars.

No statement of the facts proven accompanies the record. The transcript contains what purports to be exceptions to the charge. It is not authenticated in any way by the trial judge, and it is not shown when the same was presented, nor whether it was ever called to the judge's attention. Salter v. State, 78 Texas Crim. Rep., 325, 180 S. W. 691; Castelberry v. State, 88 Texas Crim. Rep., 502, 228 S. W. 216; Rhodes v. State, 93 Texas Crim. Rep., 514, 248 S. W. 679.

Three special charges were requested, refused and exceptions noted upon the charges. They all relate to matters depending upon the evidence, and we are not in a position to pass upon them in its absence.

Four bills of exception appear in the record none of which may be considered. The motion for new trial was overruled on July 18th, and the trial court made an order granting 30 days after adjournment of the term in which to file statement of facts and bills of exception. This order of extension he had the power to make. Gribble v. State, 85 Texas Crim. Rep., 52, 210 S. W. 215. Court adjourned for the term on August 22d. The thirty days expired on September 21st. All the bills were filed on September 24th, three days after the period of extension, hence too late to merit consideration. Victory v. State, 254 S. W. 478, and the authorities there cited; see also notes under Art. 845, C. C. P., Vernon's Civil and Crim. Statutes, 1922 Supplement.

The judgment is affirmed.

*Affirmed.*

## ON REHEARING.

HAWKINS, JUDGE.—It is now. made to appear that the trial term of court adjourned on August 25th, and that the recital in the caption to the transcript that it adjourned on August 22d was a clerical error. The bills of exception were filed within the thirty days granted from adjournment and are entitled to be considered.

As stated in the original opinion no statement of facts is before us, and we find that bills one, three and four all relate to matters dependent upon the evidence which was before the court when the proceedings complained of were had. It is impossible for us to pass upon the questions in the absence of the facts, and we must presume the court's action to have been correct.

This case was tried at the July term, 1923, of the County Court for Haskell County. It is made to appear from bill of exception number two that after the State had announced ready for trial appellant requested that he be furnished with a copy of the information. In the written request therefor there is no statement that he had not theretofore waived such copy. It further appears from the bill that at the time of this trial and theretofore appellant had been at large under bond; that no copy of said information had ever been served on appellant or furnished him by the clerk. The court appends to said bill the following explanation of his action in overruling the request.

"At the time said written request was presented and overruled the Clerk of the Court was engaged in preparing the jury lists the defendant was on bond and had never been confined but had appeared in court in person and by attorney on February 19th, 1923, at which time said cause was continued on application of defendant; on March 5th, 1923, said cause was continued by agreement; on June 18th, 1923, said cause was again continued upon the application of the defendant on account of the physical condition of his wife and on July 16th, the case was called for trial and the State announced ready and then, for the first time, while the clerk and officers of the court were busy at the time when to grant said request would have unnecessarily delayed the trial of said cause, said defendant presented said request. The complaint in this case was filed January 30th, 1923, and the defendant was arrested on that day and gave bond and was never confined in jail and the complaint and information in this cause was either in the possession of the defendant and his counsel at all times from said date until the date of the trial nearly six months later or was where they could have obtained same and was in their possession when said cause was continued as hereinbefore stated."

In support of the proposition that the failure of the court to direct that a copy of the information be furnished him was an error which requires a reversal he relies upon Golden v. State, 92 Texas Crim. Rep., 553, 244 S. W. 816; Matheson v. State, 92 Texas Crim. Rep.,

208, 241 S. W. 1013; Revill v. State, 87 Texas Crim. Rep., 1, 218 S. W. 1044; Pabst v. State, 96 Texas Crim. Rep., 617, 259 S. W. 577, The question arises under the provisions of Article 1, Section 10 of the State Constitution, and Art. 554, C. C. P., to the effect that an accused may demand a copy of the indictment or information charging him with crime. While this constitutional and statutory right is guaranteed to one accused of crime, and has been jealously guarded by the courts, it has been recognized that this right, like all others save a trial by jury in felony cases, may be waived. (Barrett v. State, 9 Texas App. Rep., 33; Rice v. State, 49 Texas Crim. Rep., 574, 94 S. W. 1024; Keener v. State, 51 Texas Crim. Rep., 590, 103 S. W. 904; Revill v. State (supra); Redford v. State, 262 S. W. 766, and many other cases found in our reports.) It is evident that the trial judge in the present case was under the impression that the facts recited in his explanation to the bill of exception constituted such a waiver. The Rice case (supra) is direct authority that an accused waives his right to a copy of the accusation against him when he has been on bail, and without request for such copy continues his case. To the same effect is Kenner v. State (supra). The original opinion in Revill v. State (supra), affirming the judgment was written under the impression that the defendant had continued his case after being released on bond, but the opinion on rehearing shows that an amended transcript revealed that the case had not been continued, but in fact had not been called at the former term and that no orders of any character had been entered on the docket. Then follows this significant statement from Judge Davidson: "The case not being called and no orders entered at the July term did not put appellant upon diligence to call for a copy of the indictment," leaving the clear inference that the contrary would be true, and if the case had been called for trial at the former term diligence would have demanded that accused then should have requested a copy. The point made by the defendant was sustained on the amended record, but it clearly appears that the court thought the original opinion was correct upon the facts then before it. In Golden's case (supra) no facts appear upon which the semblance of a waiver could be predicated. Our attention is directed by appellant's brief to the language of the court in Matheson v. State (supra) which was quoted with approval in Pabst v. State (supra). This must be read and construed in the light of the facts of said cases. In Matheson's case the only excuse offered by the court for refusing to comply with the request for copy of the accusation was that defendant had been on bail and had an opportunity to procure the indictment either in person or by his attorney. In Pabst's case the indictment was returned on March 8th. The defendand was arrested and released on bail on March 9th. The case was called for trial March 14th when demand for copy of the indictment was made and refused. In neither of these cases were any facts shown

indicating a waiver, or any lack of diligence in demanding copy. The facts in the present case are entirely different. Appellant had been on bond from the time of his arrest; at two former terms of court he had himself sought and obtained continuances, the case had once been continued by agreement, and the complaint and information is shown to have been in the possession of appellant or his counsel when the continuances were obtained. Under this showing we are not inclined to hold the action of the trial court to have been erroneous.

The motion for rehearing is overruled.

*Overruled.*