## B. L. SMITH V. THE STATE.

No. 9628.   Delivered March 17, 1926.

Rehearing denied October 20, 1926.

### 1.—Seduction—Juror—Not Freeholder Nor Householder—Rule Stated.

For the first time in his motion for a new trial, appellant complained that Juror Glenn, who sat on the jury that convicted him, was not a freeholder nor householder. It is the well settled rule in this state that the discovery after verdict that a juror was not a householder or freeholder is not ground for a new trial if no inquiry was made by appellant to ascertain that fact before accepting the juror.   Following Randle v. State, 64 S. W. 256.

### 2.—Same—Continued.

It is also well settled in this state that though a juror qualifies on his voir dire as a hoseholder and defendant does not discover that he is neither a householder nor freeholder until after verdict, it is not ground for a new trial in the absence of a showing of probable injury.   Following Leeper v. State, 29 Tex. Crim. App., and numerous other cases cited.

### 3.—Same—Evidence—Effort to Impeach Prosecutrix—Inadmissible.

Where, on a trial for seduction, there was no error in refusing to permit appellant to prove that prosecutrix's father had whipped the half-sister of prosecutrix for lying out at night with men. While it is true that appellant would have been entitled to show that prosecutrix associated with lewd women, evidence of the acts and associations of her half-sister would not be admissible as against her.

### 4.—Same—Evidence—Properly Excluded.

Where, on a trial for seduction of a young girl eighteen years of age, the court very properly refused to admit evidence that the father of prosecutrix had, eight years before the alleged seduction, been charged with the offense of rape upon a negro woman.

#### ON REHEARING.

### 5.—Same—Corroboration of Prosecutrix—Held Sufficient.

The acts of intercourse were admitted by appellant.   Two witnesses amply corroborated prosecutrix's testimony that appellant had promised to marry her.   While the testimony of appellant's witnesses were contradictory of the state's evidence, the jury seems to have accepted the version of the state witnesses, and this court is without authority to disturb their findings.   Many cases revealing similar facts to those here found are collated in Polk v. State, 91 Tex. Crim. Rep. 354, and the motion for rehearing is overruled.

Appeal from the District Court of Smith County.   Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction of seduction, penalty two years in the penitentiary.

The opinion states the case.

*Gentry & Gentry* of Tyler, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is seduction, the punishment is two years in the penitentiary.

Appellant in his motion for a new trial asked the court to grant same on the ground that F. A. Glenn, one of the jurors in said cause, was neither a householder in the county nor a freeholder in the state. The bill of exceptions pertaining to this matter shows that counsel representing the defendant did not know that Mr. Glenn was not a householder or freeholder until after the trial of the case. The bill, however, also fails to show that any inquiry was made of Mr. Glenn on his voir dire examination by the appellant as to whether he was a householder in the county or a freeholder in the state. It is a well settled rule in this state that the discovery after verdict that a juror was not a householder or freeholder is not ground for new trial if no inquiry was made to ascertain that fact before accepting the juror. Randell v. State, 64 S. W. 256. It is also true that the rule is well established in this state that though a juror qualifies on his voir dire as a householder and defendant does not discover that he is neither a householder nor a freeholder until after the verdict, it is not ground for new trial in the absence of a showing of probable injury. Leeper et al. v. State, 29 Tex. Crim. App. 72; 14 S. W. 398. Lane v. State, 29 Tex. Crim. App. 319, 15 S. W. 827. Mays v. State, 36 Tex. Crim. Rep. 437, 37 S. W. 721. Martinez v. State, 57 S. W. 839. The foregoing rule applies in this case as there is not the slightest showing in this record of probable injury.

Appellant also complains at the court's action in refusing to permit him to prove by Mrs. John Oliver, the step-mother of the prosecuting witness, that a young half-sister of the prosecutrix lived in the home where the prosecutrix lived and that a short time before said alleged seduction the father of the prosecutrix upon learning that said half-sister had been lying out at night with men and promiscuously associating with men, had whipped said half-sister because of her said conduct. This testimony was properly excluded. While it is true that appellant was entitled to show that prosecutrix associated with lewd women, yet appellant was not within his rights in offering to

prove that the father of prosecutrix had whipped her half-sister because of her misconduct with men. This was not the proper method of showing that the half-sister of prosecutrix was of lewd and unchaste character. To have permitted this proof would not only have been admitting proof of specific acts but in addition thereto it would have been admitting proof of specific acts by hearsay and as an inference to be drawn by the conduct of the father of the prosecutrix.

Neither do we think the court in error in refusing to permit appellant to show that the father of prosecutrix had eight years before the alleged seduction been charged with the offense of rape upon a negro woman. The record discloses that prosecutrix is a young girl eighteen years of age and here it was not proper to attempt to impeach her reputation by proof of a charge against her father when she was a mere child of ten years of age.

We have carefully examined the statement of facts and conclude that the testimony is amply sufficient to corroborate the prosecutrix both as to the act of intercourse and as to the promise of marriage. Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant questions that part of our opinion holding the corroboration of prosecutrix to be sufficient. We have again examined the statement of facts and are confirmed in the conclusion heretofore expressed. Prosecutrix testified that appellant waited upon her constantly and exclusively for about two years; that they became engaged in the summer and that shortly before Christmas while calling upon her at the home of her aunt, where she lived, he gave her an engagement ring; that on the same night she showed this ring to her uncle and aunt and in the presence of appellant told them he had given it to her and that it was their engagement ring. Appellant did not deny at this time that it was an engagement ring and admitted having given it to prosecutrix. The uncle and aunt confirmed prosecutrix's testimony about her showing them the ring and stating that appellant gave it to her and his admission to this effect. The act of seduction, according to prosecu-

trix, occurred shortly after he gave her the ring. Appellant admitted acts of intercourse with prosecutrix covering many months and occurring on almost every occasion when they were alone together. One of these acts was witnessed by a third party.

He denied that any engagement ever existed between them and claimed upon the trial that the ring was given as a Christmas present and not to seal an engagement. We think it unnecessary to further detail the evidence. Much produced by appellant was contradictory of that offered by the state. Where such conflicts occurred the jury seems to have accepted the version of the state witnesses. Many cases revealing similar facts to those here found are collated in Polk v. State, 91 Tex. Crim. Rep. 354, 238 S. W. 934.

The motion for rehearing is overruled.

*Overruled.*