EDWIN HERD V. THE STATE.

No. 12025.   Delivered November 28, 1928.
Rehearing denied State February 6, 1929.

The opinion states the case.

*Simpson & Collins* and *Leo Brewster* of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is burglary; the punishment confinement in the penitentiary for two years.

The indictment was returned January 6, 1928, and on the same date appellant was arrested and released on bond.   Appellant was on bail at the time the indictment was returned.   On April 10, 1928, when the case was called for trial, appellant timely filed his motion requesting that he be furnished a copy of the indictment.   The motion was overruled.   The action of the trial court in overruling the

motion is brought forward for review. Under the terms of Article 1, Section 10, of the Constitution one accused of crime has the right "to demand the nature and cause of the accusation against him, and to have a copy thereof." Article 489 C. C. P. provides:

"When the accused, in case of felony, is on bail at the time the indictment is presented, it is not necessary to serve him with a copy, but the clerk shall on request deliver a copy of the same to the accused or his counsel, at the earliest possible time."

It is the announcement of the decisions "that a copy of the indictment should not be refused when demanded by the accused at any time before he announces ready for trial when one has not previously been served upon him, and when he has not waived his right to demand it." Matheson v. State, 241 S. W. 1013. See also Venn v. State, 218 S. W. 1060. The right to demand a copy of the indictment may be waived by previous words or conduct of the accused. Hutto v. State, 266 S. W. 514, and authorities cited. The waiver must be made by himself. His attorney cannot waive the right for him. Venn v. State, supra. The mere fact that the accused or his attorney could have demanded a copy of the indictment earlier or that he might have examined the original indictment does not constitute a waiver. Matheson v. State, supra; Gillespie v. State, 250 S. W. 681. We find no previous words or conduct on the part of appellant sufficient to constitute a waiver of his right to demand a copy of the indictment.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The state takes the position under authority of Griffith v. State, 138 S. W. 1016, Coffey v. State, 198 S. W. 326 and Oneal v. State, 146 S. W. 938, that the postponement granted on the 27th day of January to the 13th day of February should be regarded as a continuance, and that having been granted at appellant's request it should be held a waiver of his right to demand a copy of the indictment. Attention is called to the fact that in each of the three cases mentioned the application by appellant was for a "continuance" which was denied, but a postponement granted

instead. When later another application for continuance was presented it was held to be subject to the requirements of a subsequent application. See also Brannan v. State, 1 S. W. (2d) 279; and Davis v. State, 10 S. W. (2d) 116. We think the holding in Hutto v. State, 98 Tex. Cr. R. 517, 266 S. W. 514 that the facts shown to be present in that case and those supporting it amounted to a waiver cannot properly be extended to embrace the present case. Here an order had been made setting the case down for trial on January 27th at which time appellant appeared and notified the trial judge that his attorney could not be present because engaged in the trial of a case in another county. It is true appellant had another attorney with him at the time but apparently only to secure the postponement until his regular attorney could be present. Under the circumstances the case was passed until the 13th day of February, at which time appellant's attorney was present and immediately demanded a copy of the indictment. We think it would be doing violence to Art. 1, Sec. 10 of the Constitution and to Art. 489 C. C. P. to hold that the incident of January 27th amounted to a waiver by appellant of his right to have a copy of the indictment.

The state's motion for rehearing is overruled.

*Overruled.*