ROY KIMBROUGH V. THE STATE.

No. 15798. Delivered April 5, 1933.
Rehearing Denied June 14, 1933.
Reported in 61 S. W. (2d) 110.

The opinion states the case.

*O. F. Watkins* and *H. L. Kidd,* both of Mexia, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, one year in the penitentiary.

A quantity of whisky was found near appellant's house, and there was a path leading from said house to the place where the liquor was buried. While the officers were on the premises, the wife of the appellant went into the house. The officers presently observed liquid running on the ground at the house and they secured about a half pint of it, and it was also found to be whisky. They did not see who was pouring it out, but said if the wife of appellant did not pour it out they did not know who else could have done so. No one else was observed in the house but appellant's wife. The officers had a search warrant.

There are six bills of exception. The first complains of the refusal of the court to quash the indictment. No facts appear in the record supporting appellant's attack upon the manner and method of the return of the indictment. The averment that nine members of the grand jury did not concur in the return of the indictment, does not support itself. There must be an affirmative showing in support of such proposition, before this court can uphold it.

The second complaint is of the insufficiency of the testimony. We have no doubt of there being enough testimony in the record to justify the finding of the jury. The third bill of exception complains of the overruling of the motion for new trial in which complaint was made of matters of procedure already complained of. The court did not err in overruling the motion.

It is set up in another bill of exception that a juror sat in the case who was neither a householder in the county nor a freeholder in the state. Authorities are collated in section 548, Branch's Annotated P. C., holding that where one qualifies on his voir dire as a householder or a freeholder and it is not discovered that this is a mistake until after verdict, same will not be ground for a new trial in the absence of a showing of probable injury. Leeper et al. v. State, 29 Texas App., 72; Lane v. State, 29 Texas App., 319; Mays v. State, 36 Texas Crim. Rep., 437. The record in this case is wholly devoid of any showing of injury. The juror in question voted consistently throughout in the deliberations of the jury that appellant was guilty, but seems to have made no effort to influence the remainder of the jury to accept his view. The state claims the testimony heard on the hearing of the motion for new trial shows affirmatively that this juror was a freeholder. Such testimony did show that the father of the juror had set aside to him a certain part of the father's land, which was and had been cultivated by the juror, and whose proceeds were his, and the tract of land was referred to in the family transactions as his, but no actual deed had been made thereto. We do not think it necessary to go into the authorities, or to write at length on this question. A claim of ownership, accompanied by possession, might be sufficient under some circumstances to enable the possessor to hold the property; but we do not think it worth while to go into this inasmuch as no injury was shown from the presence of this juror on the jury.

We think the witnesses who testified to the fact that the liquid found was whisky, were qualified to so testify and that complaint of this matter is unavailing. Appellant's motion to continue was properly overruled.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—As the evidence is understood, two peace officers, possessed of a search warrant, went to the home of the appellant and his wife and searched the premises. At the time of the arrival of the officers, the appellant and his wife were sitting out in the yard. The wife went hurriedly into the house, and shortly thereafter the officers observed whisky pouring out of the house and on the ground. About half a pint of whisky was recovered. The officers expressed the opinion that the amount of whisky upon the ground

was a half gallon. The officers proceeded to a potato patch estimated to be about forty feet from the appellant's house. There was a path leading from the appellant's house to the potato patch. The officers followed the path to the point at which the jars were found. In the potato patch the officers found four half-gallon fruit jars, each of which was filled with a liquid which the officers took to be whisky. Neither of the officers opened the jars but took it for granted that they contained whisky.

On cross-examination, apparently in reply to a question by the appellant's counsel, Officer Bradley testified: "I did not open up the whisky, but know it was whisky because the defendant said it was whisky."

Neither appellant nor his wife testified, but by circumstances undertook to advance the theory that the jars and their contents were not upon the premises under the control of the appellant. There was testimony that the path went further than to the potato patch. The evidence is deemed sufficient to justify the conclusion of the jury that the whisky was found upon the premises under the control of the appellant.

Article 393, C. C. P., 1925, reads as follows: "When the indictment is ready to be presented, the grand jury shall go in a body into open court, and, through their foreman, deliver the indictment to the judge of the court. At least nine members of the grand jury must be present on such occasion."

It appears from the record that the grand jury came into open court and presented an indictment in the following language: "Be it remembered on this the 25th day of June 1932 there appeared the Grand Jury in open court, a quorum thereof being present, and through their foreman presented into open court the following felony indictments which was by the Court received and the Clerk ordered to issue proper process thereon as follows, to-wit: ———— vs ———— No. 2690-B, The State of Texas vs ———— Poss. Int. L."

As understood, such entry appearing upon the minutes is sufficient. See Malloy v. State, 35 Texas Crim. Rep., 389, and cases cited, wherein it appears that the nature and name of the offense is not essential.

There was no error in refusing to instruct a verdict of not guilty; nor does the overruling of the motion for new trial present any matter which would justify this court in overturning the verdict.

The law is well settled that when a juror, on his voir dire examination, fails to give correct information with reference to whether he was a householder in the county or freeholder

'in the state will not require or authorize a reversal of the judgment unless it appears that injury to the accused resulted from the action of the juror. See Williamson v. State, 36 S. W., 444; Mays v. State, 37 S. W., 721; Watson v. State, 82 Texas Crim. Rep., 462; Ames v. State, 102 Texas Crim. Rep., 190; Schuster v. La Londe et al., 57 Texas Rep., 28; Squyres v. State, 92 Texas Crim. Rep., 160, see page 167. The only basis for the claim of injury perceived in the examination of the record is the fact that the juror in question constantly voted for a conviction. The testimony on the motion for new trial has been examined in detail, and the foregoing is the sole matter upon which the assumption of injury could be based. The same criticism might be made of the other jurors who proceeded in the same manner; that is to say, it appears that the jury at one time was six for a conviction and six for an acquittal. Those who were for an acquittal finally came over and made the verdict unanimous. The juror against whom the complaint is directed was one of those who steadfastly contended that a conviction should result.

The motion for rehearing is overruled.

*Overruled.*