C. E. PIPES, JR. V. THE STATE.

No. 22560. Delivered June 16, 1943.
Rehearing Denied October 13, 1943.

The opinion states the case.

*Curtis Douglass,* of Pampa, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

This is an appeal from a conviction for driving an automobile upon a public highway while intoxicated; the punishment, a fine of $100.00.

The record is before us without statement of facts.

The sole question presented for review is the action of the trial court in overruling appellant's motion averring that he was entitled to two days' time within which to prepare for trial and be furnished a copy of the information.

There is nothing in the record sustaining the allegations of the motion. The trial court nowhere certifies that the allegations of the motion are sustained by proof. The mere averments of the motion do not establish as a fact the allegations contained therein. 12 Tex. Jur., Sec. 319, P. 662; Wrenn v. State, 82 Tex. Cr. R. 642, 200 S. W. 844; Kimbrough v. State, 124 Tex. Cr. R. 191, 61 S. W. (2d) 110. Moreover, the record reflects that the information was filed January 1st, 1942, and that appellant was not tried until more than a year thereafter—at which time he filed the motion mentioned. The record does not reflect that, during that time, appellant was precluded from obtaining a copy of the information, nor that circumstances existed requiring service of a copy thereof upon him.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

In his motion for rehearing appellant earnestly contends that we erred in our original opinion in overruling his bill of exception wherein he complains of the action of the trial court in denying his request for a copy of the information and two days' time in which to prepare for trial. This bill is deficient in that it fails to negative the fact that appellant had not, by his act and conduct, waived his right to the desired copy; nor is it made to appear from the bill that when he filed his motion requesting a copy of the information that it was not furnished to him. It appears from the record that the complaint and information in this case were filed on the first day of June,

1942; that the case was not tried until the 18th day of January, 1943; that for some cause not disclosed by the record this case was continued; and if continued at his request, he thereby waived the right to a copy of the information. Under the only facts disclosed in the bill, we would not be authorized to assume that the trial court acted arbitrarily. The law presumes he acted correctly. It devolves upon the appellant to negative all matters which might show a waiver; in the absence of which the bill fails to reflect error. To illustrate our position, we make the following observation:

A, who is charged with an offense and who, after being released on bond, makes a statement to the sheriff showing his guilty connection with the offense and on the trial of his case, before taking the witness stand to testify, files a verified motion requesting the court to instruct the District Attorney not to inquire of him concerning his statement to the sheriff because he was under arrest, but the court knows that he is out on bond at the time and overrules the motion. Can it be said that in the absence of a showing that he was not out on bond at the time, this would be sufficient to show error on the part of the court in overruling the motion? We think not.

In 4 Tex. Jur. p. 290, sec. 205, the rule is stated as follows: "Every bill of exceptions must make plain the error of the matter therein complained of. The bill must negative the presumption that the court ruled correctly, and show that error was committed. * * *"

Again, it is stated: "Bills must be sufficiently clear and explicit to enable the appellate court fully to understand all of the facts upon which the correctness or error of the ruling complained of depends, and to determine the question presented, without recourse to inferences."

Many authorities are cited in support of the text quoted.

For the reason herein stated, the motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.