### CARL DAVIS V. THE STATE.

No. 23247. Delivered December 12, 1945.
Rehearing Denied January 23, 1946.

The opinion states the case.

*Stanley Bransford* and *Ross Hardin,* both of Fort Worth, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appellant was assessed a jail sentence of one year, together with a fine of One Hundred Dollars, by a jury in the

County Court of Johnson County, for the sale of liquor in a dry area.

Two witnesses testified that they went to the home of appellant at about four o'clock in the afternoon of April 11, 1945, and purchased from him a half pint of whisky for two dollars and seventy-five cents. The two witnesses drank the whisky and testified positively that it was intoxicating liquor. There was some contradicting evidence as to some of the statements made by these two witnesses but no one denied the sale and none of the evidence was of a nature to add very materially to the defense of the case.

The record contains two bills of exception. The first bill complains of the failure of the court to furnish certified copy of the indictment and allow two additional days in which to file written pleadings. In his approval of the bill the court qualified the same by saying that prior to the date the demand was made, on the day of the trial, appellant had sought and secured a continuance of his case for the term of court. This court has held that by appearing in court and answering to the indictment without first demanding a copy the accused has waived his right provided under Article 490, C. C. P. which was passed in accordance with Constitution Article 1, Section 10. See Hutto v. State, 266 S. W. 514; and Pipes v. State, 174 S. W. (2d) 260.

By Bill of Exception No. 2 complaint is made of the ruling of the court in permitting the County Attorney, on cross examination of the witness Allen, to ask if he had not been previously convicted in a district court of driving while intoxicated. Allen's evidence in the case is not considered material to the defense and, consequently, the error, if such, would not call for a reversal of the case.

The judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEAR.NG.

DAVIDSON, Judge.

Appellant insists that we erred in concluding that reversible error was not reflected by the action of State's counsel in interrogating the witness Allen on cross-examination relative to his prior conviction for driving an automobile while intoxicated.

Apparently, Allen was offered as a witness by the appellant in an endeavor to prove by him that Lovell, one of the alleged purchasers of the whisky, was not at the home of the appellant but was at another and different place at the time he testified that he, together with the witness Collins, purchased the whisky from appellant. However, Allen's testimony fell short of making proof of such fact by about four hours, in point of time. Lovell could very easily have been at the place where Allen placed him and also could have made the purchase of the whisky four hours later.

Allen's testimony, then, tended to establish no defense for appellant to the accusation against him.

We remain convinced that reversible error is not reflected.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.