Ernesto Pablo GALLEGOS, Appellant,

v.

The STATE of Texas, Appellee.

No. 41129.

Court of Criminal Appeals of Texas.

March 20, 1968.

Splawn & Maner, by, Don Reed, Lubbock, for appellant.

Fred E. West, County Atty., Jack Layne and John Ward, Asst. County Attys., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is driving an automobile upon a public highway while intoxicated; the punishment, assessed by the court upon a plea of guilty, five (5) days in the county jail and a fine of $125.00.

We find no merit in appellant's claim that the trial court erred in accepting his plea of guilty because he did not understand the court's admonishment of the con-

sequences of his plea. The transcription of the court reporter's notes, if any, are not before us, and we find nothing in the record to sustain such contention. The judgment reflects that the trial judge did admonish the appellant, though we note that it has been held that Article 26.13 (501), Vernon's Ann.C.C.P., is not applicable to misdemeanors. Berliner v. State, 6 Tex. App. 181; Johnson v. State, 39 Tex.Cr.R. 625, 48 S.W. 70; Scott v. State, 29 Tex. App. 217, 15 S.W. 814.

In grounds of error #2 and #5 appellant contends the trial court erred in accepting a plea of guilty in a misdemeanor case punishable by imprisonment without determining whether appellant (1) had counsel, (2) wanted counsel, or (3) was indigent and desired the appointment of counsel.

■ A formal bill of exception filed and approved by the trial judge reflects that 30 minutes prior to trial appellant employed counsel, but such action was unknown to the court, and at the trial in answer to the court's inquiries the appellant stated he had no attorney and did not want an attorney to represent him in the matter. The court's docket sheet further reflects that prior to trial the appellant was duly arraigned, given the warnings provided by Article 15.17, V.A.C.C.P., and thereafter orally waived the right to an attorney. There appears to be no claim that the appellant was actually indigent at the time of the trial so as to invoke the provisions of Article 26.04, V.A.C.C.P., absent a waiver. See Attorney General's Opinion C–598. We find nothing in the record to mitigate against the finding of an intelligent and voluntary waiver of counsel.

■ In ground of error #3 appellant claims that error resulted when the waiver of counsel was not reduced to writing. While a written waiver signed by the ap-

pellant would have been desirable, we know of no requirement that the right to counsel can be waived only in writing.

■ Appellant was arrested on July 16, 1967, and was tried on the morning of July 17, 1967. For the first time in his appellate brief filed in the trial court he advances the contention in ground of error #4 without citation of authority that he was entitled to the expiration of two entire days after service of a copy of the complaint and information before proceeding to trial, and that in absence of written waiver thereof filed among the papers of the cause, the court was not authorized to proceed to trial. We do not agree.

■ Article 25.04, V.A.C.C.P., provides that in misdemeanors it shall not be necessary before trial to furnish the accused with a copy of the information. Further, we do not understand appellant's complaint to embrace the provisions of Article 27.11, V.A.C.C.P. It is observed that Articles 27.-12 and 26.03, V.A.C.C.P., have reference only to the service of the copy of an indictment, though arraignment is now required in all misdemeanors punishable by imprisonment. No claim is made that appellant was deprived of a copy of the complaint and information but only that he did not have two days in which to prepare for trial.

■ It is observed that appellant made no motion for continuance or any request for postponement or delay and announced ready for trial and entered his plea of guilty. Even if he had been entitled to the time he alleges, he would have waived the same by his actions. Redford v. State, 98 Tex.Cr.R. 42, 262 S.W. 766. Cf. Weir v. State, 169 Tex.Cr.R. 264, 333 S.W.2d 151; Davis v. State, 149 Tex.Cr.R. 98, 191 S.W. 2d 733. See also Article 1.14, V.A.C.C.P. We know of no requirement that such a waiver must be in writing and filed.

The judgment is affirmed.