**Johnny TATMON, a/k/a Zachriah Richardson, a/k/a Billy Williams, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–88–227–CR.**

Court of Appeals of Texas, Austin.

March 14, 1990.

Rehearing Denied April 4, 1990.

**524**

Michael Etchison, Austin, for appellant.

Ronald Earle, Dist. Atty., Ana Luisa Morales, Asst. Dist. Atty., for appellee.

Before SHANNON, C.J., and EARL W. SMITH * and JONES, JJ.

EARL W. SMITH, Judge.

Appellant was indicted for burglary of a vehicle. Tex.Pen.Code Ann. § 30.04 (1989). The indictment alleged four prior felony convictions for enhancement. The jury found appellant guilty of the primary offense of burglary of a vehicle. Appellant elected for the court to assess punishment. The court found that the allegations in the second paragraph, charging a prior final conviction for the offense of unauthorized use of a motor vehicle, were true; that the allegations in the third paragraph, charging a prior final conviction for unauthorized use and burglary of a motor vehicle, were true; and that the allegations in the fourth paragraph, alleging a prior final felony conviction of theft, were true. The court assessed punishment at confinement in the Department of Corrections for thirty-five years.

■ In point of error two, appellant contends that the trial court erred in overruling his motion to quash the indictment because the foreman of the grand jury had not signed it. The motion to quash the

indictment is without merit. The signature of the foreman of the grand jury is not essential to the validity of the indictment. *McCullough v. State*, 425 S.W.2d 359, 360 (Tex.Cr.App.1968); *Ex Parte Landers*, 366 S.W.2d 567 (Tex.Cr.App.1963); *Ex Parte King*, 156 Tex.Crim. 231, 240 S.W.2d 777 (1951); *Marks v. State*, 721 S.W.2d 401, 404 (Tex.App.1986, no pet.); *Hamilton v. McCotter*, 772 F.2d 171, 183 (5th Cir.1985). Appellant's second point of error is overruled.

In his first point of error, appellant asserts that the trial court erred in denying him two full days before arraignment after service upon him of a copy of the indictment. He was first indicted on June 30, 1988, in Cause Number 92,510 in the 147th District Court, Travis County, for burglary of a vehicle. A second indictment was returned against appellant in Cause No. 93,010, 299th District Court, Travis County, charging him with the same burglary of a vehicle. The two indictments are identical except that in Cause No. 93,010, the indictment is returned to the 299th District Court, alleges appellant's aliases, and contains three enhancement paragraphs.

Appellant was properly served with the first indictment (in Cause No. 92,510). Apparently, the clerk issued a precept to serve appellant with the second indictment (Cause No. 93,010). The docket sheet contains this recitation, dated August 12, 1988: "Defendant in jail; bond set at $2,500/*Notice of Indictment issued.*" (Emphasis added.) There was no sheriff's return showing service on appellant on file in the clerk's office, however. Although appellant testified that he had not been served with a copy, the arraignment hearing held on October 10, 1988, shows that he had seen and read the reindictment more than two days before then. He filed and signed a pro-se motion on October 6, 1988, in which he asks for a dismissal of the indictment in Cause No. 92,510, stating:

> That defendant was re-indicted for the same charge in Cause No. 93,010. The re-indictment's primary charge is identical and verbatim to the first indictment. The re-indictment differs only in that it alleges enhancement paragraphs of prior

* Before Earl W. Smith, Justice (retired), Third Court of Appeals, sitting by assignment. See

Tex.Gov't Code Ann. § 74.003 (1988).

convictions.

The indictment in 92,510 was dismissed.

On October 10, 1988, he filed another motion to quash and dismiss the reindictment in which he recites that:

> He was never delivered a copy of the re-indictment, in which he was re-indicted for the same charge *as in 92,510.*
> That the re-indictment in 93,010 contains enhancement paragraphs.

While the court was interrogating him on his contention that he could not be arraigned on October 10 the record shows:

> THE DEFENDANT: I got my attorney to ask him about it.
> THE COURT: You filed a motion to quash and dismiss this indictment [in cause 93,010]. I take it you read this indictment?
> THE DEFENDANT: Yes. What he had.
> THE COURT: Was that longer than two days prior to today.
> THE DEFENDANT: Yeah
> THE COURT: Thank you.

After appellant had said at one time in the hearing that he had not seen the reindictment, he answered the court's inquiry as follows:

> THE COURT: And when did you get that? When did you get a copy of it?
> THE DEFENDANT: I never did get a copy.
> THE COURT: You never seen a copy. When did you see it?
> THE DEFENDANT: When I was in the court last time.
> THE COURT: When was that? Thursday of last week? [October 6]
> THE DEFENDANT: But it wasn't in my possession.
> THE COURT: I understand. But you saw it Thursday or Friday of last week. That was longer than two days from today.
> MR. GRIZZARD [defendant's attorney]: I don't think he's saying he's ever read a copy of it.
> THE COURT: He's seen it. That's all that needs to be done.
> MR. GRIZZARD: The one I showed him it was unsigned.

> • • • • •

> THE COURT: Last Thursday. And that was October the 6th, and today is October the 10th. When you discussed that with him in person he showed you that this indictment had not been signed by the Grand Jury foreman. Is that right?
> THE DEFENDANT: We discussed that.

Mr. Grizzard, appellant's attorney, told the court that he, the attorney, got a copy of the reindictment within a few days after it was returned by the grand jury on *August 10,* and that he had more than 10 days to prepare for trial. The appellant admitted that he had discussed the indictment with his attorney over the phone *in August,* and in person on October 6 when they discussed the fact that the indictment had not been signed by the Grand Jury foreman. The appellant also admitted that he and his attorney discussed the indictment over the phone "weeks and weeks ago." He said that in August his attorney called him and told him that the only difference in the two indictments "was some enhancements."

■ The docket sheet shows that on August 12 the case was reset for pretrial August 31. On August 18, appellant's attorney filed four pretrial motions (for discovery, disclosure of "other crimes," disclosure of evidence favorable to the defendant, and a motion to suppress). On August 31, 1988, the case was reset for pretrial on September 7, and on that date was set for trial on October 6. Counsel for appellant moved for continuance because of a conflict. On October 7, the trial was reset for jury trial on October 10. At no time prior to October 10 did appellant complain that a copy of the indictment had not been delivered to him. On October 10, 1988, his only complaint was that he could not be arraigned at that time. When that complaint was overruled, he did not request a continuance, but announced ready for trial, subject to his objection on arraignment. He requested that he be arraigned outside the jury's presence, which was done, and announced that he would elect for the court to assess punishment.

In *Wray v. State*, 232 S.W. 808, 810–811 (Tex.Cr.App.1921), the court held:

> Emphasis is given to the view that the service of the indictment may be waived in cases in which it is held that the facts were sufficient such as to constitute waiver.
>
> \* \* \* \* \* \*
>
> [W]e are of opinion that both the spirit and purpose of the law is complied with when it is shown that a substantial copy of the indictment is in the possession of the appellant a sufficient length of time before his case is called for trial to enable him to properly prepare his defense and that a literal compliance with and direction that such copy of the indictment be served upon him by the sheriff is not necessary.

*See also Wright v. State*, 3 S.W.2d 804 (Tex.Cr.App.1928). The right to demand a copy of the indictment may be waived by words or conduct of the accused. *Herd v. State*, 111 Tex.Crim. 402, 13 S.W.2d 110 (1928).

We hold that the record shows that appellant knew the contents of the reindictment for an adequate time before trial, as did his attorney, and that appellant, by his conduct, waived formal service of a copy of the indictment. Although not certified, a copy was discussed by him and his attorney, and was sufficient notice. *See Redford v. State*, 98 Tex.Crim. 42, 262 S.W. 766 (1924); *Luster v. State*, 141 S.W. 209 (Tex. Cr.App.1911).

■ Finally, we determine beyond a reasonable doubt that if there be error in failing to serve the appellant with a copy of the indictment, the error made no contribution to appellant's conviction or punishment. Tex.R.App.P.Ann. 81(b)(2) (Supp. 1989). Appellant's first point of error is overruled.

In paragraphs two, three, and four of the indictment, it is alleged, in proper sequence, that appellant previously had been convicted of the following felonies: (1) unauthorized use of a motor vehicle on April 26, 1985 (Galveston County cause no. 84CR0641), (2) unauthorized use of a motor vehicle on June 7, 1982 (Tarrant County cause no. 189559D), and (3) theft of corporeal personal property on December 11, 1974 (Dallas County cause no. C72–11812–HK).

Appellant raises no question as to the sufficiency of proof of the prior conviction alleged in paragraph two of the indictment. In his points of error three, four, and five, he asserts that the trial court erred in the punishment phase in admitting into evidence the penitentiary packets in cause nos. 189559D and C–72–11812–HK because they were inadmissible hearsay; the evidence was insufficient to support the trial court's finding that appellant had previously been convicted in cause nos. 189559D and C–72–11812–HK because the documents admitted were inadmissible hearsay; the trial court erred in admitting into evidence the penitentiary packets in cause nos. 189559D and C–72–11812–HK and depriving him of his right to confront the witnesses against him.

■ This Court will sustain point of error number three and overrule points of error numbers four and five. In point of error three, appellant correctly argues that judgments and sentences contained in the pen packet must be shown to be certified by the clerk of the convicting court. *Dingler v. State*, 723 S.W.2d 806 (Tex.App. 1987), State's petition for review granted, but by written opinion dismissed as improvidently granted, 768 S.W.2d 305 (Tex.Cr. App.1989). The Court of Appeals held:

> Dingler objected to exhibits one and two [pen packets] on the grounds that the judgments in the cause number shown thereby had not been certified by the District Clerk of Ector County....
>
> The problem is that the copies of the judgments in these causes evidenced by State's exhibits one and two do not contain a certificate of the Ector County District Clerk, or one of his deputies, that the copies are correct copies of the original on file in the clerk's office. These discrepancies rendered the copies of these judgments inadmissible under the provisions of article 3731a. *Todd v. State*, 598 S.W.2d 286, 292–293 (Tex.Cr.

App.1980). We construe *Todd* to hold that authenticated copies of judgments of conviction, though made by the Department of Corrections' [sic] officer having legal custody of such records in accordance with section 4 of article 3731a, are not admissible as self-authenticated records unless they reflect that the copies forwarded to the Texas Department of Corrections by the convicting court clerk were "certified copies" of the original on file in the clerk's office. If they are, the records are admissible without extrinsic evidence of their authenticity; otherwise they are not. In this case, the copies of the judgments of conviction incorporated in the exhibits do not reflect that the "original" copies forwarded to TDC bore the original attestation of the Ector County District Clerk or one of his deputies, and were therefore inadmissible under the circumstances here involved.

723 S.W.2d at 807–808 (footnote omitted).

The Court of Appeals set aside the punishment of the trial court and remanded the case for a new punishment hearing before the court. In dismissing the State's petition for discretionary review, the Court of Criminal Appeals, in 768 S.W.2d 305 (Tex. Cr.App.1989), fully agreed with the Court of Appeals and *Todd, supra.* By footnote, it is clear that Tex.R.Cr.Evid. 902 does not change the holdings under art. 3731–a. *Id.* at 306 fn. 1. We hold that the pen packets in cause no. 189559D, introduced as State's Exhibit 14, and cause no. C–72–11812–HK, introduced as State's Exhibit 15, were inadmissible in that they suffer from the same deficiencies as the pen packets in *Dingler* and *Todd.*

Appellant agrees that the judgment in cause no. 84CR0641 (State's Exhibit 13) is properly certified, as is the pen packet in its entirety. Thus, the enhancement allegation in paragraph two of the indictment was proved and is unchallenged by appellant. The judgment in cause no. 84CR0641 is signed by the judge and properly certified by the clerk as a true and correct copy of the original record. We must, therefore, accept this judgment and its findings. The third full paragraph of the judgment reads:

It is therefore considered, ordered, and adjudged by the court that the Defendant named above is guilty of the offense as indicated above, Unauthorized Use of a Vehicle, and that the Defendant committed the said offense on the 4th day of September, 1984, and that said Defendant was two times duly and legally convicted of a felony, both of which became final prior to the commission of the current offense, Unauthorized Use of a Vehicle, and that the first felony, Cause Number C72–11812–HK, Theft of Corporal Personal Property of the Value of $50.00 or over, occurred on the 5th day of December, 1972, and became final on the 11th day of December, 1974, in the Criminal District Court No. 4 of Dallas County, Texas, and that the second felony, Cause number 189559D, Unauthorized Use of a Vehicle, occurred on the 5th day of April 1982 and became final on the 7th day of June, 1982, in the Criminal District Court No. One of Tarrant County, Texas, and that the Defendant be punished by confinement in the Texas Department of Corrections for a period of Twenty Five (25) years, and that the State of Texas do have and recover of the Defendant all costs of the prosecution, for which let execution issue.

It is thus seen that in cause no. 84CR0641, the judge of the 56th District Court of Galveston County adjudged that appellant was guilty of unauthorized use of a vehicle (alleged for enhancement in paragraph two of the instant indictment), and further that he had previously been convicted of unauthorized use of a vehicle in Tarrant County cause no. 189559D (alleged for enhancement in paragraph three of the instant indictment), and further that he had been previously convicted of theft of corporeal personal property in Dallas County cause no. C72–11812–HK (alleged for enhancement in paragraph four of the instant indictment).

■ There are different ways by which prior felony convictions may be proved for enhancement. We hold that the final judg-

ment of the Galveston court constituted sufficient proof of the allegations of prior convictions contained in the indictment in this case. We sustain point of error three, but as discussed above, the error is harmless. Tex.R.App.P.Ann. 81(b)(2) (Supp. 1989). We overrule appellant's point of error four and find no merit to point of error five.

 In his point of error number six, appellant alleges that the trial court erred in admitting evidence of electronic equipment found in appellant's possession because it was evidence of an extraneous offense and not legitimate as *res gestae* evidence. We overrule this point. Appellant was arrested while in the act of committing burglary of a motor vehicle by removing a car radio. Appellant, perhaps imprudently, asked the officer arresting him to recover a bag. The officer complied and in the bag found tools and electronic equipment, including a cassette player, a speaker, and a cassette tape. At trial, appellant objected to the admission into evidence of a cassette player, speaker and tape.

Appellant requested a limiting instruction, which the court granted:

Ladies and gentlemen of the jury, insofar as the cassette player, the speaker and the cassette tape, I am instructing you at this time that you are not to consider that as possibly being evidence of any other offense, or extraneous offense, or anything unrelated to this case. You are not to consider it for any purpose other than the fact that it was found as the officer has testified.

The attorney thanked the court and made no further motions. Having received the relief he requested, any possible error was cured. *DeRusse v. State*, 579 S.W.2d 224, 236 (Tex.Cr.App.1979).

 Moreover, the evidence was admissible as *res gestae*, to show the context in which the criminal act occurred. *Maddox v. State*, 682 S.W.2d 563, 566 (Tex.Cr.App. 1985). The theory of *res gestae* acts is to allow the jury to realistically evaluate the evidence. *Mitchell v. State*, 650 S.W.2d 801, 811 (Tex.Cr.App.1983), cert. denied,

464 U.S. 1073, 104 S.Ct. 985, 79 L.Ed.2d 221 (1984). The evidence of appellant's guilt was overwhelming. The court, not the jury, assessed punishment. No reversible error is shown. Finally, we find beyond a reasonable doubt that introduction of the items objected to into evidence made no contribution to the conviction or punishment of appellant. We overrule point of error six.

The judgment of the trial court is affirmed.