cr4-734.Wilson.draft 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00734-CR







Sonny Wade Wilson, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0943395, HONORABLE JON N. WISSER, JUDGE PRESIDING







PER CURIAM


 A jury found Sonny Wilson, appellant, guilty of aggravated sexual assault. Act of
May 26, 1987, 70th Leg., R.S., ch. 573, § 1, 1987 Tex. Gen. Laws 2275, amended by, Act of
July 18, 1987, 70th Leg., 2d C.S., ch. 16, § 1, 1987 Tex. Gen. Laws 80 (Tex. Penal Code Ann.
§ 22.021, since amended). The jury assessed punishment at life in prison. By two points of
error, appellant contends that the evidence is insufficient to support conviction and that the trial
court reversibly erred during the punishment hearing by admitting evidence related to two out-of-state felony convictions. We will affirm the judgment of conviction.



SUFFICIENCY OF THE EVIDENCE


 By point of error two, appellant contends that the evidence is insufficient to support
his conviction. Appellant contends that the complainant contradicted her testimony about any
sexual contact with appellant and there exists no other corroborating evidence to support her claim
that appellant sexually assaulted her. Appellant contends that, consequently, the trial court
reversibly erred by not granting his motion for new trial.

 When this Court reviews evidence for legal sufficiency to support a criminal
conviction, we must determine whether the record evidence could reasonably support a finding
of guilt beyond a reasonable doubt. The relevant question is whether, after viewing the evidence
in the light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307,
318-19 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). The jury decides
whether to believe or disbelieve a witness's testimony, and may reject any portion of a witness's
testimony. Tex. Code Crim. Proc. Ann. art. 38.04 (West 1989); Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986). We do not sit as a thirteenth juror in assessing evidence, but rather
position ourselves as a final due process safeguard ensuring only the rationality of the fact finder. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).

 In November 1993, a receptionist and the complainant were working at Tabu Tan. 
The receptionist explained that a customer pays $40.00 at the door which entitles him to a private
session with a woman in a room where he can watch her model lingerie and dance. It was Tabu's
policy that the customer remove his clothes for his private session. The customer must stay seated
on the couch to watch the dancer and may not touch the dancer. The receptionist explained that
the type of performance a customer receives depends upon how much he tips the dancer--the
greater the tip the more provocative the dance. The complainant explained that while the dancer
could lightly touch a customer's arms or legs, the dancer must "keep twelve inches between her
and the customer as far as breasts and genitals."

 In the afternoon of November 28, 1993, appellant entered Tabu. Appellant paid
the receptionist $40.00 and was escorted to a room where the complainant would dance and model
for him. The complainant entered the room, instructed appellant to remove his clothes, and told
him that she would return in a few minutes to dance for him. When she returned to the room,
appellant had his shoes and shorts on. She asked appellant if he wanted a sexier show. She told
him that if he did he would need to remove all of his clothes. He then removed his shoes and
shorts and the complainant began her dance. Shortly after she started dancing, appellant pulled
a gun from his pile of clothes, pushed the complainant against the wall, and put the gun to her
head. Appellant wrestled the complainant to the ground, put his knee into her chest, and though
she resisted, he placed his penis in her mouth while holding a gun to her head. The complainant
screamed. The receptionist, after hearing the complainant's screams, ran next door and asked the
neighbors to call 911. The police arrived shortly thereafter.

 The investigating police officer arrived, entered Tabu, and heard the complainant
screaming. Upon entering the room from which the complainant screamed, the officer was
confronted by appellant standing naked and pointing a gun at his face. The complainant, who was
on the floor when the officer entered the room, crawled out of the room. Other police officers
arrived and appellant was taken into custody.

 Appellant complains specifically about a portion of the complainant's testimony
which he contends is contradictory. On direct examination, the complainant testified that
appellant "had his knee on my upper body and the gun on my head and that's when he became
aroused and tried to put his penis into my mouth. In fact he did put it in my mouth" without
consent. During cross-examination, the complainant testified that "there was no sexual contact
at all." Later she stated that "there was no sexual contact offered at all."

 Appellant contends that this portion of the complainant's testimony is crucial
because there was no other evidence presented that could be relied upon to show that appellant
had sexually assaulted her. Appellant contends that there exists no reasonable explanation for the
complainant's contradictory testimony. We disagree.

 In reviewing all of the complainant's testimony, it appears that when she stated that
"there was no sexual contact at all," she was referring to her routine modeling and dance
performance, not her encounter with appellant when he sexually assaulted her. Any inconsistency
in testimony must be resolved by the jury. We conclude that, based upon all of the testimony
presented, a rational trier of fact could have found the essential elements of aggravated sexual
assault beyond a reasonable doubt. We overrule appellant's second point of error.



PRIOR CONVICTIONS


 By point of error one, appellant contends that the trial court reversibly erred during
the punishment phase of trial by improperly admitting evidence of prior California felony
convictions. Appellant contends that the trial court erroneously admitted the prior conviction
evidence because there was no written statement, signed by appellant, that he had been warned
by the California trial court about the dangers of self-representation and had voluntarily and
knowingly waived his right to counsel. Appellant contends that a writing to this effect is required
by the Texas Code of Criminal Procedure article 1.05(f) and (g). He argues that since the records
do not contain such a writing that he is entitled to a new punishment hearing.

 A defendant may voluntarily and intelligently waive in writing the right to counsel. 
Tex. Crim. Proc. Ann. art. 1.051(f) (West Supp. 1996). If a defendant wishes to waive in writing
the right to counsel, the court shall advise him of the dangers and disadvantages of self-representation. Tex. Crim. Proc. Ann. art. 1.051(g) (West Supp. 1996). If the court determines
that the waiver of counsel is voluntarily and intelligently made, the court shall provide the
defendant with a statement, which if signed by the defendant, shall be filed with and become part
of the record of the proceedings. Id. Article 1.051(g) provides a form statement that the court
may use after advising a defendant of the perils of self-representation and determining that the
defendant has voluntarily and intelligently waived his right to counsel. Id. Appellant
contends that the record contains no indication that he was ever warned by the California trial
court of the dangers and disadvantages of self-representation. We disagree. State's exhibit
fourteen reflects that appellant, in the California prosecution, had an attorney representing him
through all of the proceedings except for the punishment hearing. Based upon notes made by the
trial court, it appears that appellant at first wanted to dismiss his attorney. The trial court denied
this motion. Later appellant requested that he be allowed to withdraw his plea of guilty which the
court denied. Appellant asked the trial court a second time to dismiss his attorney. After this
request, the California court noted that it held an in camera hearing. The California court noted
that it then advised appellant of the rights and consequences of self-representation. After doing
so, the trial court dismissed appellant's attorney and allowed appellant to represent himself at the
punishment hearing.

 While article 1.052(f) provides that an individual may waive, voluntarily and
intelligently, the right to counsel in writing, such a waiver need not be in writing to be effective. 
Burgess v. State, 816 S.W.2d 424, 430 (Tex. Crim. App. 1991) (citing Gallegos v. State, 425
S.W.2d 648, 650 (Tex. Crim. App. 1968)). When an accused affirmatively asserts his right to
self-representation, a written waiver is not required. Faretta v. California, 422 U.S. 806 (1975);
Burgess, 816 S.W.2d at 431. Consequently, article 1.052(g) is not mandatory. Burgess, 816
S.W.2d at 430. Though requiring that a waiver of counsel be in writing in every case would
certainly protect the Sixth Amendment right to counsel, in some instances it would needlessly
work to the derogation of the Sixth Amendment right to self-representation under Farretta. Id.
at 430.

 In this instance, considering that article 1.052(g) is not mandatory in Texas, and
the record reflects that appellant, while engaged in criminal proceedings in California, was warned
about the perils of self-representation, the trial court did not err by admitting evidence of
appellant's out-of-state convictions. See Faretta, 422 U.S. at 866; Johnson v. State, 760 S.W.2d
277, 270 (Tex. Crim. App. 1988). We overrule appellant's first point of error.



CONCLUSION


 We affirm the judgment of conviction. 


Before Justices Powers, Aboussie and Kidd

Affirmed

Filed: February 28, 1996

Do Not Publish



2">

PRIOR CONVICTIONS


 By point of error one, appellant contends that the trial court reversibly erred during
the punishment phase of trial by improperly admitting evidence of prior California felony
convictions. Appellant contends that the trial court erroneously admitted the prior conviction
evidence because there was no written statement, signed by appellant, that he had been warned
by the California trial court about the dangers of self-representation and had voluntarily and
knowingly waived his right to counsel. Appellant contends that a writing to this effect is required
by the Texas Code of Criminal Procedure article 1.05(f) and (g). He argues that since the records
do not contain such a writing that he is entitled to a new punishment hearing.

 A defendant may voluntarily and intelligently waive in writing the right to counsel. 
Tex. Crim. Proc. Ann. art. 1.051(f) (West Supp. 1996). If a defendant wishes to waive in writing
the right to counsel, the court shall advise him of the dangers and disadvantages of self-representation. Tex. Crim. Proc. Ann. art. 1.051(g) (West Supp. 1996). If the court determines
that the waiver of counsel is voluntarily and intelligently made, the court shall provide the
defendant with a statement, which if signed by the defendant, shall be filed with and become part
of the record of the proceedings. Id. Article 1.051(g) provides a form statement that th