**Affirmed and Memorandum Opinion filed June 4, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00747-CR

**HUY H. LE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 13
Harris County, Texas
Trial Court Cause No. 5603**

## MEMORANDUM   OPINION

In this municipal appeal, a jury found appellant Huy H. Le guilty of using and occupying a structure without a certificate of occupancy and assessed punishment at a $2,000 fine. Appellant moved to dismiss the complaint on the ground that the State did not serve him with a written copy of the complaint at least one day before his trial. He appeals the denial of his motion to dismiss. Because appellant waived his right to a copy of the complaint, we affirm.

Appellant was cited on September 17, 2009 for not having a certificate of occupancy and two other municipal violations not at issue here. According to the citation, appellant was scheduled to appear in court on October 28, 2009. Appellant's counsel signed a Notice of Trial by Jury on October 26, 2009,[1] and the trial court set appellant's court date for April 21, 2010. Appellant requested two continuances, one on April 21, 2010 and one on September 15, 2010, both of which were granted.

The case went to trial on August 22, 2011. Appellant was apparently served with the complaint on the morning of trial. Appellant's counsel filed a motion to dismiss the complaint based on the State's failure to provide appellant with a copy of the complaint at least one day before trial. The trial court denied the motion. Appellant did not request a continuance or otherwise ask for more time to prepare a defense. Instead, appellant's counsel raised several motions in limine, appellant pleaded not guilty, and the case proceeded to trial on the merits. The jury found appellant guilty and assessed a fine of $2,000. Appellant filed a motion for new trial, which was denied.

Appellant appealed to the county criminal court at law. *See* Tex. Gov't Code Ann. § 30.00014(a) (West Supp. 2014). The county criminal court affirmed the trial court's judgment. Appellant has now appealed to this court, challenging the trial court's denial of his motion to dismiss. *See id.* § 30.00027 (West Supp. 2014).[2] Although appellant raised two issues in his appeal to the County Criminal

---

[1] The State avers in its brief that appellant pleaded not guilty to the offense when he received the first Notice of Trial by Jury. Other than implying a not-guilty plea from the fact that he requested a jury trial, we see nothing in the record affirmatively showing that appellant pleaded not guilty until he was arraigned on the day of trial.

[2] We do not consider the appellate brief filed by appellant in this court because our review is limited to those issues considered by the county criminal court at law. Tex. Gov't Code Ann. § 30.00027(b)(1) (the record and briefs in the appellate court constitute the record and

Court at Law, the sole issue before us is whether the trial court erred in denying appellant's motion averring that he was entitled to service of the complaint at least one day prior to trial.

Appellant waived his right to a copy of the complaint. A defendant waives his right to a copy of the complaint when he appears in court and requests a continuance. *See Davis v. State*, 191 S.W.2d 733, 733 (Tex. Crim. App. 1945); *Pipes v. State*, 174 S.W.2d 260, 261 (Tex. Crim. App. 1943). Appellant was charged with a Class C Misdemeanor and was therefore not entitled to service of the complaint, except on demand. Tex. Penal Code Ann. § 12.41 (West 2011); Tex. Code Crim. Proc. Ann. art. 25.04 (West 2009). The record shows that appellant sought and secured two continuances before his case was tried. The record contains no evidence that appellant demanded a copy of the complaint before trial or was otherwise prevented from acquiring a copy of the complaint. By appearing in court and answering to the complaint without first demanding a copy, appellant waived the right to a copy of the complaint. *See Pipes*, 174 S.W.2d at 261; *see also Davis*, 191 S.W.2d at 733 (waiver of right to service of indictment).

Accordingly, we overrule appellant's issues on appeal and affirm the trial court's judgment.

/s/     Marc W. Brown
         Justice

Panel consists of Justices Jamison, Busby, and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).

---

briefs on appeal unless the rules of the court of criminal appeals provide otherwise); *Hassan v. State*, 346 S.W.3d 234, 236 (Tex. App.—Houston [14th Dist.] 2011), *rev'd on other grounds*, 369 S.W.3d 872 (Tex. Crim. App. 2012).